**August J. HAUPTLI, Jr., and Barbara Hauptli, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 91–9006.**

United States Court of Appeals, Tenth Circuit.

Dec. 19, 1991.

Thomas J. Kennedy, Kennedy Berkley Yarnevich & Williamson, Chartered, Salina, Kan., for petitioners-appellants.

Shirley D. Peterson, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C. (Gary R. Allen, Jonathan S. Cohen and Joel A. Rabinovitz with her on the brief), for respondent-appellee.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

█ The issue in this case is whether taxpayers, August J. Hauptli, Jr., and Barbara Hauptli, noncorporate lessors of personal property, are entitled to an investment tax credit because their lease of compressed gas cylinders was for a term of less than fifty percent of the useful life of the cylinders as required for the credit by section 46(e)(3)(B) of the Internal Revenue Code.[1] Because we agree with the tax court that taxpayers have failed to prove that at the time the lease was executed the parties realistically contemplated that the term of the lease would be less than fifty percent of the useful life of the cylinders, we affirm.[2]

In 1983 taxpayers claimed an investment tax credit of $14,135 under section 46(e)(3)(B)[3] then in effect. The credit was claimed pursuant to a lease of one thousand gas cylinders between taxpayers and an unrelated entity.[4] Taxpayers and the Commissioner agree that the useful life of the cylinders is thirty-five years. The lease provided for a stated initial term of five years, cancellable thereafter upon twelve months' written notice from either party.

---

**1.** Unless otherwise noted, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.

**2.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

**3.** Section 46(e)(3)(B) provided that:

(3) NONCORPORATE LESSORS.—A credit shall be allowed by section 38 to a person which is not a corporation with respect to property of which such person is the lessor only if—

. . . .

(B) the term of the lease (taking into account options to renew) is less than 50 percent of the useful life of the property, and for the period consisting of the first 12 months after the date on which the property is transferred to the lessee the sum of the deductions with respect to such property which are allowable to the lessor solely by reason of section 162 (other than rents and reimbursed amounts with respect to such property) exceeds 15 percent of the rental income produced by such property.

**4.** In *Hauptli v. Comm'r*, 902 F.2d 1505, 1507 (10th Cir.1990), we held that the Tax Court had erred in failing to look to the ultimate end users of the cylinders to establish the class life of the property for purposes of the investment tax credit.

The sole issue in this case is whether this lease was for a term less than fifty percent of the useful life of the cylinders or was in fact a lease for an indefinite term.

■ Whether the term of the lease is for less than fifty percent of the useful life of the property is a question of fact which we review for clear error. *Shumacher v. United States*, 931 F.2d 650, 652 (10th Cir. 1991).

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Id.* (citation omitted).

It is a long established tenet of tax law that tax credits are matters of legislative grace, and the burden is on taxpayers to demonstrate clearly that they are entitled to the credit. *Id.* The crux of this case is how to formulate the standard which taxpayers are required to meet.

The majority of courts which have considered this issue have required the taxpayer to show that at the beginning of the lease the parties "realistically contemplated" that the lease would be for less than fifty percent of the useful life of the property. This showing has been required despite express language in the lease limiting the term to something less than the fifty percent useful life. *Schiff v. United States*, 942 F.2d 348, 351–54 (6th Cir.1991) (disregarding lease with stated two year term); *Borchers v. Comm'r*, 943 F.2d 22, 23 (8th Cir.1991) (disregarding lease with one year stated term); *Connor v. Comm'r*,

847 F.2d 985, 989 (1st Cir.1988) (same); *Hokanson v. Comm'r*, 730 F.2d 1245, 1248 (9th Cir.1984) (disregarding lease with an implied one year term); *see also Shumacher*, 931 F.2d at 653 (adopting realistic contemplation test for verbal leases without termination dates). "[A] minimum duration specified in a lease is not the controlling factor in determining the length of the term of the lease for section 38 purposes." *Hokanson*, 730 F.2d at 1249 n. 2.

Taxpayers, however, would have us recognize a test they describe as the "reasonable certainty" test which they alternately characterize as either a separate test, *see* Appellants' Opening Brief at 22–27, or as a means of proving their realistic contemplation, *see* Appellants' Reply Brief at 7–9. We decline to follow either suggestion. Under either test when properly phrased, taxpayers have failed to sustain their burden.

■ Taxpayers argue that they should prevail if they can show that "it [was not] reasonably certain that the lessee [would] continue leasing the property beyond the initial term fixed in the lease." Appellants' Opening Brief at 28. This test turns the statutory scheme on its head. The statute provides that a taxpayer will earn a credit if "the term of the lease ... is less than 50 percent of the useful life of the property." 26 U.S.C. § 46(e)(3)(B). The taxpayer meets his or her burden of demonstrating entitlement to the credit by proving that the term of the lease was less than fifty percent, not by proving that it was *not* reasonably certain that the term would be *more* than fifty percent. This circuit has adopted the language of *McNamara v. Comm'r*, 827 F.2d 168 (7th Cir.1987), requiring a *"fixed* intention" with respect to the lease term. *Hoisington v. Comm'r*, 833 F.2d 1398, 1404 (10th Cir.1987).[5]

---

5. In *Schiff v. Comm'r*, 942 F.2d 348 (6th Cir. 1991), the Sixth Circuit endorsed the realistic contemplation test, *id.* at 353, but formulated the test as "a showing that the parties to the lease at the time of execution realistically contemplated that the lease's term would not extend beyond 50 percent of the leased property's useful life," *id.*, and alternatively, as a showing that "at the time of the lease's execution, there was not a reasonable certainty that the lessee would

continue leasing the property beyond the period stated in the lease." *Id.* at 351. To the extent that these formulations are inconsistent, we subscribe to the former phraseology only. Language in *Sauey v. Comm'r*, 90 T.C. 824, 829 (1988), *aff'd without opinion,* 881 F.2d 1086 (11th Cir.1989), and *Peterson v. Comm'r*, 44 T.C.M. (CCH) 674, 679 (1982), indicating that the proper test is whether there is a reasonable certainty that the lease will continue beyond the

Taxpayers argue, and our review of the record confirms, that the evidence shows unequivocally that the parties had no idea at the time they entered into the lease what course would be elected at the end of the five year initial term. Taxpayers maintain, therefore, that there was no "reasonable certainty" that the lease would extend beyond fifty percent of the useful life of the cylinders and that they are therefore entitled to the credit. This argument and the evidence supporting it, however, seals taxpayers' fate.

Taxpayers were required to show that at the beginning of the leasing arrangement the parties had a fixed intention to terminate the lease before fifty percent of the useful life of the cylinders had expired. *Shumacher*, 931 F.2d at 653 (citing *Hoisington*, 833 F.2d at 1404–05). Their evidence, however, is to the contrary. Neither party had any "realistic contemplation" or "fixed intention" regarding how long the lease would run. Taxpayers have thus failed to sustain their burden.

■ Taxpayers make two additional points that deserve our attention. They argue that a distinguishing factor in this case is that this lease was "between unrelated parties who dealt at arm's length" and that in nearly every case denying an investment tax credit under circumstances similar to these "there has been an element of common control or other close relationship between the lessor and the lessee which strongly indicated the lease would be continued indefinitely." Appellants' Opening Brief at 34. While this is generally true, we are not prepared to add a gloss to the statute implying any presumption on the part of nonrelated parties. While admittedly a factor in determining the realistic contemplation of the parties, common control, by itself, is not determinative. *Sanders v. Comm'r*, 48 T.C.M. (CCH) 1215, 1221 (1984); *Peterson v. Comm'r*, 44 T.C.M. (CCH) 674, 678–79 & n. 8 (1982); *cf. Sauey v. Comm'r*, 90 T.C. 824 (1988) (fact that two entities are related cannot be the sole basis for denying investment tax credit).

Taxpayers finally argue that only if there was a fixed intention to continue the lease on the same or substantively identical terms could the lease be considered indefinite for tax purposes. Appellants' Reply Brief at 5. As authority for this proposition, taxpayers cite *McNamara*, 827 F.2d at 172. As discussed above, however, we think focusing the inquiry on an intention to continue beyond the fifty percent useful life misinterprets the statute. The statute requires taxpayers to make the affirmative showing that the life of the lease was less than fifty percent of the useful life of the property and not the negative of that fact. In conclusion, after review of this record we find no clear error in the tax court's conclusion regarding the indefinite nature of this lease. The judgment of the tax court is, therefore, AFFIRMED.

fifty percent useful life mark is similarly disap-     proved.