**James N. RUSSELL and Marilyn B. Russell, Petitioners–Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 91–2744.**

United States Court of Appeals, Seventh Circuit.

Argued April 1, 1992.

Decided July 17, 1992.

Rehearing Denied Aug. 19, 1992.

Thomas J. Kennedy, Kennedy, Berkley, Yarnevich & Williamson, Salina, Kan. (argued), for petitioners-appellants.

Abraham N.M. Shashy, Jr., I.R.S., Washington, D.C., Gary R. Allen, Joel A. Rabinovitz (argued), Jonathan S. Cohen, Dept. of Justice, Tax Div., Appellate Section, Washington, D.C., for respondent-appellee.

Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.

PER CURIAM.

The taxpayer petitioners, James and Marilyn Russell, are husband and wife and reside in Northfield, Illinois. In 1983 the taxpayers entered into the business of owning and leasing compressed gas cylinders and based upon their April 1983 purchase of 1,500 new compressed gas cylinders for $212,750, they claimed an investment tax credit for that year in the amount of $21,275 under Section 38 of the Internal Revenue Code.[1]

In September and October 1982 the taxpayers leased the subsequently purchased 1,500 cylinders to two different companies for the following length of time:

> This Agreement shall be effective as of the date hereof. The initial term of this agreement shall be five (5) years ("Initial Term") from the Delivery Date specified in Paragraph 4 of this Agreement, and shall remain in force from year to year after the expiration of the Initial Term until terminated as hereinafter provided. Either party may terminate this agreement as of the expiration of the Initial Term or as of any annual anniversary date thereafter by giving not less than twelve (12) months prior written notice to the other party.

Under Section 46(e)(3)(B) of the Internal Revenue Code (26 U.S.C. § 46(e)(3)(B)), the term of the lease must be "less than 50% of the useful life of the property" in order for a taxpayer to prove entitlement to an investment tax credit equal to 10% of the cost of qualified property. It is conceded that the property here is qualified if it meets this length of lease requirement (Commissioner's Br. 14). The Commissioner takes the position that since these leases do not state when they will end, they do not terminate unless either the lessor or lessee gives 12 months' prior notice to the other party. Therefore they are for an indefinite term rather than for "less than 50% of the useful life" of the cylinders as required by Section 46(e)(3)(B).

The Tax Court agreed with the Commissioner that these leases were for an indefinite term. This was in accord with its decision in *Hauptli v. Commissioner*, Tax Ct. Mem. Dec. (P–H) ¶ 91,072 (1991), affirmed, 951 F.2d 1193 (10th Cir.1991). The *Hauptli* lease, like the present leases, was for five years, cancellable thereafter upon twelve months' notice from either party (951 F.2d at 1194). The Tenth Circuit agreed with our opinion in *McNamara v. Commissioner*, 827 F.2d 168, 172 (7th Cir. 1987), "requiring a 'fixed intention' with respect to the lease term" in order to qualify for the investment tax credit (827 F.2d at 172), and held that the *Hauptli* lease was for an indefinite term, so that an investment tax credit was denied.[2]

Because of our conclusion that these leases were not for a fixed term, it is unnecessary to consider what party bore the economic risk with respect to the property. Neither is it necessary to consider whether the cylinders' useful life was only nine years (as suggested alternatively below by the Commissioner) so that if the leases were indeed for five years, they would still not satisfy the statutory requirement that the leases be less than 50% of the useful life of the cylinders.

The decision of the Tax Court is affirmed.

---

**1.** This provision was repealed in 1984 for tax years after December 31, 1983 (Tax Reform Act of 1984, 98 Stat. 494, 825–847).

**2.** The *Hauptli* court also cited opinions from the First, Sixth, Eighth and Ninth Circuits reaching the same result (951 F.2d 1193 n. 5).