**Stephen B. McEACHRON and Mary Jane McEachron, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 88-1176.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 20, 1988.
Decided Nov. 30, 1988.

John S. Jagiela, Minneapolis, Minn., for appellants.

Stuart E. Horwich, Washington, D.C., for appellee.

Before HEANEY and FAGG, Circuit Judges, and HENLEY, Senior Circuit Judge.

FAGG, Circuit Judge.

Stephen B. McEachron and Mary Jane McEachron appeal the Tax Court's decision confirming federal income tax deficiencies assessed for 1980 and 1981 against them and two other taxpayers by the Commissioner of Internal Revenue (the Commissioner). *See Owen v. Commissioner,* 53 T.C.M. (CCH) 1480 (1987). The Tax Court held the McEachrons were not entitled to an investment tax credit for equipment leased to a related corporation by a business in which Mr. McEachron was a partner. The court also held the McEachrons were required to recognize gain on the later sale of the leased equipment by the partnership to the corporation. We affirm.

Mr. McEachron and an unrelated taxpayer formed a two-tiered business to engage in seismic drilling. One tier was formed as an equal partnership, and the other was a corporation with stock ownership divided equally between Mr. McEachron and the other taxpayer. The partnership owned the drilling equipment and leased it to the corporation, which conducted the actual exploration operations. When the business faltered, the owners decided to transfer the equipment from the partnership to the corporation and sell both companies as a single unit. The equipment leases and ownership transfer give rise to the dispute in this case.

On appeal, the McEachrons first challenge the Tax Court's disallowance of the investment tax credit. The Tax Court found the leases between the partnership and the corporation were for an indefinite term and thus failed to satisfy the fifty percent useful life requirement of 26 U.S.C. § 46(e)(3)(B) (1976). *See Owen,* 53 T.C.M. at 1483–84. The McEachrons argue the Tax Court improperly used the "realistic contemplation" standard for evaluating the useful life requirement and, that even if the standard is appropriate in these circumstances, the resulting finding of fact was clearly erroneous. We disagree.

When the challenged leases are for an indefinite term, we see no reason to depart from the realistic contemplation concept in determining whether the fifty percent useful life requirement is met. Other circuits agree with this view. *See Connor v. Commissioner,* 847 F.2d 985, 989 (1st Cir.1988); *Hokanson v. Commissioner,* 730 F.2d 1245, 1248 (9th Cir.1984). The McEachrons' reliance on *McNamara v. Commissioner,* 827 F.2d 168, 170–72 (7th Cir.1987), is misplaced. The leases in *McNamara,* unlike those under consideration here, expressly provided for fixed lease terms lasting less than fifty percent of the property's useful life. *See id.* at 170. We have reviewed the record on this issue and agree with the Tax Court that the leases here do not meet the requirements permitting the McEachrons to claim an investment tax credit for the leased equipment. *See Owen,* 53 T.C.M. at 1483–84.

The McEachrons next argue they should not be required to recognize a gain on the sale of the equipment because the liabilities associated with the transferred equipment were equal to the partnership's adjusted basis in the property. Under the McEachrons' analysis, there was no gain on the transaction within the meaning of 26 U.S.C. § 1001(a) (1976). Thus, they contend there is no need to employ the rules applicable to gains on transfers of assets to corporations controlled by the transferor. *See id.* §§ 351, 357.

In response to this argument, the Tax Court held the record did not support the McEachrons' contention that the indebtedness associated with the equipment was equal to its adjusted basis at the time of the transfer. *See Owen*, 53 T.C.M. at 1485. The court held that Mr. McEachron and his partner were therefore required to recognize a gain on the transfer under 26 U.S.C. § 357(c). The court also held the gain should be offset by the amount of a certificate of deposit pledged by the partners as collateral for the indebtedness on the equipment. *See Owen*, 53 T.C.M. at 1486. We have considered the McEachrons' arguments and agree with the Tax Court's analysis of the gain the McEachrons must recognize.

Accordingly, we affirm the Tax Court's decision.