Richard J. BORCHERS and Jane E. Borchers, Respondents,

v.

COMMISSIONER OF INTERNAL REVENUE, Petitioner.

No. 89–1038.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1989.

Decided Nov. 16, 1989.

ever, whether the court applied these or other factors to the stipulated record in reaching its decision. The opinion also fails to shed any light on the Commissioner's contention that the court "relieve[d] [the Borcherses] of their burden of proving [ ] the reasonably contemplated term of their lease[s] was less than [fifty] percent of the useful life of the leased property and impose[d] on the Commissioner the burden of proving the contrary." These failures make it impossible for us to determine the correctness of the Tax Court's decision. *See Gilbert v. Commissioner*, 248 F.2d 399, 408 (2d Cir.1957).

The Tax Court is obligated to provide this appellate court with a clear and understandable statement of the grounds for its decision. Lacking a clear and understandable statement, we conclude the Tax Court's decision is not effectively reviewable. Accordingly, we vacate the Tax Court's decision and remand the case for further proceedings consistent with this opinion.

Richard Farber, Washington, D.C., for petitioner.

Bernie H. Beaver, Minneapolis, Minn., for respondents.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

FAGG, Circuit Judge.

The Commissioner of Internal Revenue (the Commissioner) appeals a decision in favor of Richard J. Borchers and Jane E. Borchers. The Tax Court held the Borcherses were entitled to an investment tax credit on computer equipment leased by Richard J. Borchers to their wholly-owned corporation in 1982. We vacate the decision and remand.

The Tax Court's opinion recognizes the Borcherses' entitlement to an investment tax credit under 26 U.S.C. § 46(e)(3)(B) (1982) (amended 1988) depends on whether the stated terms of the computer equipment leases are controlling for tax purposes. *Borchers v. Commissioner*, 55 T.C.M. (CCH) 1469, 1471 (1988). The opinion also identifies some of the factors the Tax Court has considered relevant in determining the terms of equipment leases. *Id.* at 1472. The opinion fails to explain, how-