Richard J. BORCHERS; Jane
E. Borchers, Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 90–2724.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1991.

Decided Aug. 23, 1991.

Bernie H. Beaver, Minneapolis, Minn.,
for appellants.

David A. Hubbert, argued, Washington,
D.C. (Gary R. Allen and Richard Farber, on
the brief), for appellee.

Before FAGG, Circuit Judge, and
HENLEY, Senior Circuit Judge, and
MAGILL, Circuit Judge.

FAGG, Circuit Judge.

Richard J. Borchers and Jane E. Borchers appeal the tax court's decision denying them an investment tax credit on computer equipment Richard leased to the Borcherses' wholly-owned corporation, Decision Systems, Inc., in 1982. *See* 26 U.S.C. § 46(e)(3)(B) (1982) (amended 1988). We affirm.

This is the second time we have had this case before us. Initially the tax court held the Borcherses were entitled to an investment tax credit, *Borchers v. Commissioner*, 55 T.C.M. (CCH) 1469 (1988), and the Commissioner appealed. We could not effectively review the decision because the tax court's failure to offer an analysis "[made] it impossible for us to determine the correctness of [its] decision." *Borchers v. Commissioner*, 889 F.2d 790, 791 (8th Cir.1989). Thus, we vacated the tax court's decision and remanded the case for further proceedings. *Id.* On remand the tax court engaged in a reasoned analysis changing the result and disallowing the credit. *Borchers v. Commissioner*, 95 T.C. 82 (1990). The Borcherses now appeal.

■ The Borcherses argue that after we vacated and remanded the tax court's first decision, the tax court could only explain, not change, the initial result. We disagree. Although our mandate controls all matters within its scope, a court on remand is free to revisit any issue we did not expressly or impliedly decide. *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir.1986); *see also Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456 (8th Cir. 1990). In our earlier decision, we did not decide whether the Borcherses were entitled to an investment tax credit or confine the tax court to explaining its first decision. Accordingly, the tax court was free to change the result on remand.

■ We now turn to the merits of the case. A noncorporate lessor of property seeking an investment tax credit under 26 U.S.C. § 46(e)(3)(B) must show the property is leased for less than 50% of its useful life. Here, the leases' terms are twelve months, and the computer equipment's useful life is six years. Thus, the leases' written terms are less than 50% of the equipment's useful life. In determining the duration of the leases, however, the tax court used the "realistic contemplation" test. 95 T.C. at 88. Under this test, written lease terms are not dispositive. *See Connor v. Commissioner*, 847 F.2d 985, 988 (1st Cir.1988). Instead, all the facts and circumstances surrounding the lease are examined, *see* 95 T.C. at 89, to ascertain the realistic contemplation of the leasing parties when the property is first put into service, *Owen v. Commissioner*, 881 F.2d 832, 834 (9th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990); *Connor*, 847 F.2d at 989; *see also McEachron v. Commissioner*, 873 F.2d 176, 177 (8th Cir. 1988) (adopting realistic contemplation test when challenged lease contains no definite term). Because the Borcherses do not challenge the use of this test, we need not consider the test used in *McNamara v. Commissioner*, 827 F.2d 168, 172 (7th Cir. 1987) (when lease not tax motivated, written term controls unless Commissioner shows lease is a sham).

■ The Borcherses had the burden to prove they realistically contemplated the leases would cover less than half of the equipment's useful life. *Connor*, 847 F.2d at 989. The tax court determined the Borcherses failed to satisfy this burden of persuasion. 95 T.C. at 94. We review the tax court's determination for clear error. *Connor*, 847 F.2d at 989.

■ Reviewing the stipulated record, we find no clear error. Although the Borcherses showed the leases' written terms were less than 50% of the equipment's useful life, the record reflects the Borcherses controlled Decision Systems, Richard leased only to Decision Systems in 1982, and in 1983, Richard again leased to Decision Systems all the equipment purchased and leased to the corporation in 1982. *See* 95 T.C. at 84–87, 90. The record also shows Richard leased other computer equipment to Decision Systems in 1981, renewed all these leases in 1982, and renewed some of the leases again in 1983. *See id.* at 85–86, 90. We believe the tax

court's analysis of the relevant factors and circumstances, *id.* at 89, 94, supports its conclusion that the Borcherses failed to prove the parties realistically contemplated the terms of the leases would be less than half of the equipment's useful life, *id.* at 94.

Accordingly, we affirm the tax court's decision.