FRANK CHRIS FRICKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fricke
Docket No. 25998-90
United States Tax Court
T.C. Memo 1993-12; 1993 Tax Ct. Memo LEXIS 13; 65 T.C.M. (CCH) 1731; January 12, 1993, Filed *13 Decision will be entered under Rule 155. Frank C. Fricke, pro se. For Respondent: Thomas F. Eagan. SHIELDS
SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency in and additions to petitioner's Federal income tax for 1985 as follows: Additions to Tax
Deficiency
Sec. 6653(a)(1)
Sec. 6651(a)(1)
Sec. 6653(a)(2)
$ 13,249
$ 662.45
$ 1751.50
[1]
The only issue is whether petitioner is entitled to depreciation deductions on real property owned by his former wife at the date of their marriage. FINDINGS OF FACT The facts have been fully stipulated under Rule 122(a). [1] The stipulation of facts and attached exhibits are incorporated herein by reference. *14 Petitioner resided in Albuquerque, New Mexico, at the time he filed his petition. He and Margaret Gallagos Fricke (Margaret) were married in 1983, separated in March or April of 1985, and divorced in 1987. On the date of their marriage, Margaret owned a house and lot in Albuquerque, New Mexico, which she had purchased in 1981 for $ 40,694. The property was subject to an outstanding mortgage on which the monthly payment was $ 262. With the exception of the rental income, mortgage payments, and expenses associated with Margaret's house, petitioner and Margaret during their marriage kept separate their income and expenses, and each maintained separate checking and savings accounts as well as separate credit cards. However, from October of 1984 to August of 1985 petitioner, with the knowledge and consent of Margaret, rented her house to third parties, received and retained all of the rental income therefrom, and paid all of the expenses of maintaining the property from his separate funds. He also made the mortgage payments on the house from September of 1983 through May of 1985. During 1985, petitioner received rental income from the house in the total amount of $ 2,766.67. Margaret *15 received none of the rental income and paid none of the rental expenses during 1985. In their divorce decree, the local court found that the house and lot were the sole and separate property of Margaret and that she was solely responsible for the mortgage thereon. On his separate Federal income tax return for 1985, petitioner claimed a depreciation deduction with respect to the house. The sole issue for decision is whether petitioner is entitled to any depreciation deduction. The parties have stipulated that if we find for respondent on this issue, petitioner is liable for the additions to tax determined by respondent for the taxable year 1985 after an appropriate adjustment for the following rental expenses paid by petitioner: Gas
$ 26.39
Electric
15.68
Water
161.91
Pest control
26.16
Maintenance
237.43
Management fee
289.30
Advertising
173.67
Miscellaneous
301.60
TOTAL
1,232.14
OPINION Respondent's deficiency determination is presumed correct and petitioner bears the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S 111 (1933). The burden of proof is not affected by the fact that the case was fully stipulated. Rule *16 122(b); Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991). Section 167 provides for a reasonable allowance for depreciation for the exhaustion, wear, and tear of property used by a taxpayer in a trade or business, or held for the production of income. Sec. 167(a). The basis for depreciation is the taxpayer's unadjusted basis. Sec. 168(b)(1), (d)(1)(A). In determining a taxpayer's basis for depreciation the threshold question is whether the taxpayer has acquired an investment in property by purchase or otherwise and if so the amount of such investment. Helvering v. F. & R. Lazarus & Co., 308 U.S 252, 254 (1939); Miller v. Commissioner, 68 T.C. 767, 775 (1977); Mayerson v. Commissioner, 47 T.C. 340, 350 (1966). However, in a determination of entitlement to a deduction for depreciation for income tax purposes, the question is not limited to whether the taxpayer holds legal title to the property involved. Substance, not form, controls. Helvering v. F. & R. Lazarus & Co., supra; *17 see also Kindschi v. Commissioner, T.C. Memo. 1979-489; Jacqueline Inc. v. Commissioner, T.C. Memo. 1978-218, modifying T.C. Memo. 1977-340. Therefore, the ultimate determination as to whether a taxpayer can take depreciation on an asset turns not on whether he has title to the asset but on whether under all of the relevant facts the taxpayer bears the burden of the exhaustion of the capital investment represented by the asset. In other words, as stated in Helvering v. F. & R. Lazarus & Co., supra at 254, "While it may more often be that he who is both owner and user bears the burden of wear and exhaustion of business property in the nature of capital, one who is not the owner may nevertheless bear the burden of exhaustion of capital investment." Consequently, we have on several occasions addressed factors which may determine whether a taxpayer not holding title to property is entitled to take depreciation deductions with respect to the property. Some of these factors are: Whether the taxpayer is personally liable on indebtedness placed on the property by *18 another, Hunter v. Commissioner, 46 T.C. 477, 490 (1966); Jacqueline, Inc. v. Commissioner, T.C. Memo. 1978-218; whether a plan or agreement exists which requires a transfer of title to the taxpayer, Jacqueline, Inc. v. Commissioner, supra; whether the taxpayer is treated for all practical purposes by other interested parties as the owner of the property, id.; and whether the taxpayer will suffer an economic loss of an investment by virtue of wear and tear or exhaustion of the property, Hunter v. Commissioner, supra; Blake v. Commissioner, 20 T.C. 721 (1953). Petitioner, however, has made no attempt to address whether these or some other similar factor is applicable to his case. Instead petitioner first contends that, by reason of his marriage to Margaret Fricke, he obtained an interest in her house which was subject to depreciation by him for income tax purposes. For Federal income tax purposes, the interest of a taxpayer in property is determined by reference to the applicable State law. Aquilino v. United States, 363 U.S. 509 (1960); *19 Morgan v. Commissioner, 309 U.S. 78, 82 (1940); Jones v. Whittington, 194 F.2d 812, 815 (10th Cir. 1952). Since both petitioner and his former wife reside in and the subject property is located in New Mexico, the applicable law for determining petitioner's interest in Margaret's house is the community property laws of that State. In New Mexico property acquired by a spouse prior to his or her marriage is considered his or her separate property and title thereto remains in such spouse throughout a subsequent marriage. N.M. Stat. Ann. sec. 40-3-8A(1) (Michie 1992 Supp.). Furthermore, where as here the spouse other than the owner of such property uses either separate or community funds to pay a mortgage or other obligation on the property, its status as separate property continues, but the nonowner spouse may have a claim against his or her mate for the amount of any separate funds so expended. Michelson v. Michelson, 89 N.M. 282, 551 P.2d 638 (1976). Therefore, under the law of New Mexico, petitioner did not obtain any interest in Margaret's house by reason of the mortgage *20 payments. Petitioner also contends that because of their marriage, he became obligated on the mortgage which Margaret Fricke had placed on the house and lot prior to the marriage. However, under New Mexico law the debts incurred by her prior to the marriage remained her separate debts after the marriage, N.M. Stat. Ann. sec. 40-3-9A(1) (Michie 1989), and while, as stated hereinbefore, Margaret, the owner of the property, may be indebted to petitioner for any separate funds of his which were used to make the monthly mortgage payments, her indebtedness for such payments does not affect her title to the property. Michelson v. Michelson, supra.
We conclude, therefore, that on this record petitioner has failed to establish that he bore the burden of the exhaustion of any capital invested in the property titled to Margaret and consequently is not entitled to a deduction for depreciation. Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest payable with respect to the portion of the underpayment attributable to negligence under sec. 6653(a)(1).↩
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩