JAMES J. BIGONI AND KATHLEEN M. BIGONI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bigoni v. Commissioner
Docket No. 28455-91
United States Tax Court
T.C. Memo 1993-257; 1993 Tax Ct. Memo LEXIS 259; 65 T.C.M. (CCH) 2939; June 10, 1993, Filed *259 For petitioners: Jon L. Folkestad. For respondent: Kathey I. Shaw. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181 and 182. [1]
Respondent determined a deficiency in petitioners' Federal income tax for the 1989 tax year in the amount of $ 6,134. The issues presented for decision are: (1) Whether petitioners are entitled to a casualty loss deduction, claimed as a carry forward loss from 1988 to 1989, relating to damages to an automobile which occurred in 1987; (2) if petitioners claimed the casualty loss deduction in the proper year, whether the claimed deduction should otherwise be disallowed because the damage resulted from the willful negligence of petitioner James J. Bigoni (hereinafter petitioner) pursuant *260 to section 1.165-7(a)(3)(i), Income Tax Regs.; and (3) whether petitioners are entitled to an award for litigation costs pursuant to section 7430(a)(2). FINDINGS OF FACT This case was submitted fully stipulated pursuant to Rule 122(a). All stipulated facts are found accordingly. The attached exhibits are incorporated by reference. Petitioners resided in Portland, Oregon, when they filed the petition herein. On November 27, 1985, petitioner purchased a 1986 Porsche 911 Targa for $ 40,882 (hereinafter the automobile). The automobile was insured by the Farmers Insurance Group from December 12, 1985, until March 3, 1986. The automobile was uninsured after that date. On November 14, 1987, petitioner was involved in an accident while driving the uninsured automobile. There was no third party involved in the accident. Petitioner suffered minor injuries which required some medical attention. The automobile was "totaled" except for its salvage value. On the night of the accident, the automobile was towed to Western World Recovery, Inc. (hereinafter Western World), an auto body shop located in Portland, Oregon. Upon arrival of the automobile, Western World inquired of several *261 auto wrecking yards whether anyone was interested in purchasing the automobile for parts and accessories. Western World received an offer from an individual to purchase the automobile for $ 1,500 (hereinafter sometimes referred to as the salvage value payment), which petitioner accepted. Petitioners did not claim a casualty loss deduction on their 1987 Federal income tax return. Rather, petitioners claimed a casualty loss deduction of $ 39,382 on a Form 4684, Casualties and Thefts, filed with their 1988 Federal income tax return. On a statement attached to their 1989 Federal income tax return, petitioners' claimed a carryforward loss deduction of $ 21,415, associated with the unused portion of the 1988 casualty loss. Petitioners characterized the carryforward loss as a "net operating loss carryover". The parties stipulated that "the loss sustained by the petitioners because of this accident is deductible under IRC section 165". However, in the notice of deficiency, respondent disallowed the carryforward loss deduction claimed in 1989 on the basis that 1988 was not the proper year to deduct the casualty loss. According to respondent, petitioners failed to present sufficient *262 evidence that 1988 was the appropriate year to claim the initial casualty loss deduction. Respondent also argues in her trial memorandum that petitioners should be denied a casualty loss deduction for any year since petitioner was willfully negligent in (1) failing to insure the automobile as required by Oregon law, and (2) driving in an unsafe manner. Petitioners contend that 1988 was the proper year to claim the casualty loss deduction. They argue that the salvage value payment was received in 1988 and that it was not until this time that they were able to realize their loss for purposes of section 165(a). Accordingly, petitioners contend that the carryforward loss deduction was properly claimed on their 1989 return. OPINION We can consider whether the casualty loss deduction was properly claimed on the 1988 return for purposes of determining the allowance of the 1989 carryforward loss deduction. See sec. 6214(b); ABKCO Industries, Inc. v. Commissioner, 56 T.C. 1083, 1089 (1971), affd. on another issue 482 F.2d 150 (3d Cir. 1973); Harris v. Commissioner, T.C. Memo. 1970-331, affd. per *263 order (9th Cir., Aug. 3, 1972). Petitioners bear the burden of proving entitlement to a section 165(c)(3) loss. Rule 142(a); Cramer v. Commissioner, 55 T.C. 1125, 1133 (1971). The fact that the case was submitted fully stipulated does not relieve petitioners of their burden of proof. Rule 122(b); Borchers v. Commissioner, 95 T.C. 82, 90-91 (1990), affd. 943 F.2d 22 (8th Cir. 1991). Section 165(a) allows a taxpayer to deduct losses that are "sustained during the taxable year and not compensated for by insurance or otherwise". If a loss is not incurred in connection with a taxpayer's trade or business or in a transaction entered into for profit, the taxpayer may deduct the loss only if it arises from a fire, storm, shipwreck, or other casualty, or from theft. Sec. 165(c)(3). Respondent appears to concede that the loss in the present case is a section 165(c)(3) casualty loss and questions the timing of the claimed loss as well as petitioner's willful negligence. A casualty loss deduction must be claimed in the appropriate year. See sec. 165(a); sec. 1.165-1(d)(1), Income Tax Regs.Section *264 165(a) provides for the deductibility of a loss in the year the casualty was sustained. A loss shall be treated as sustained during the taxable year in which the loss occurs as evidenced by closed and completed transactions and as fixed by identifiable events occurring in such taxable year, unless the taxpayer has a reasonable prospect of reimbursement in a subsequent year. Sec. 1.165-1(d)(1) and (2)(i), Income Tax Regs.
Petitioners assert that the salvage value payment, purportedly received in 1988, constituted the closing of the transaction for purposes of the deductibility of the casualty loss. We do not agree. Rather, we hold that petitioners failed in their burden of proof to establish that the loss, as evidenced by a closed and completed transaction, occurred in 1988 rather than 1987. The evidence indicates that petitioner agreed to sell his automobile to an individual on or about November 20, 1987. The record contains a copy of a letter (dated February 20, 1991) written by petitioner to the Internal Revenue Service (IRS). In the letter, petitioner states: John Moore of Woodland Auto Body [2] called 10 or 12 auto wrecking yards and asked if there would be anyone interested *265 in purchasing the automobile for parts, etc. Six or seven days later a party named Thomas contacted him and indicated he had heard about the car. At that time I was contacted to see if I would accept $ 1500 for the car. I said I was interested. I gave John Moore the title to the car and Thomas gave him $ 1500 in cash. He also gave John a receipt to this effect. He then towed the car away and that was the last he saw of him.
The record also contains a copy of an invoice dated November 14, 1987 (1:50 a.m.) from Western World. The invoice reflects that the automobile was towed from the accident scene and stored for 7 days. This is supported by a handwritten entry across the face of the invoice *266 indicating that Western World was paid by petitioner for its services on November 20, 1987. The documents, when viewed together, reflect that petitioner entered into an agreement to sell the automobile on or about November 20, 1987, and, therefore, completed the transaction. There is some evidence in the record that the $ 1,500 may not have been received by petitioners until January 13, 1988. [3] However, even if petitioners did not receive the $ 1,500 until January 1988, the record reflects that the amount of salvage value was determined and agreed upon in 1987. As of 1987, all events evidencing the loss appear to have been complete, and petitioners had no further prospect of reimbursement (i.e., an insurance claim). Petitioners have not presented additional evidence nor provided any explanation with respect to the stipulated documents. Petitioners have thus failed to establish that the proper year for claiming the casualty loss deduction is 1988. See sec. 1.165-1(d)(2)(ii), Income Tax Regs.
*267 Having found that petitioners claimed the casualty loss in the wrong year (1988 rather than 1987), we need not decide respondent's alternative argument that petitioner was willfully negligent in (1) failing to operate the automobile in a safe manner, and (2) failing to insure the automobile. We note, however, that respondent's argument with respect to the lack of insurance is contrary to the regulations. The regulation, section 1.165-7(a)(3)(i), Income Tax Regs., speaks of "damage" that is not due to the willful negligence of the taxpayer. "Damage" refers to the automobile. The regulation does not provide that failure to carry insurance may constitute an act of negligence. Furthermore, there is no evidence with respect to the argument that the loss resulted from petitioner's willful negligence in operating the automobile. Based upon our finding that petitioners failed to establish that the loss actually occurred in 1988, as fixed by identifiable events, we hold that petitioners are not entitled to claim a carryforward loss deduction of $ 21,415 in the tax year 1989. [4]
*268 Furthermore, we deny petitioners' request for an award of litigation costs because the request was premature and petitioners are not the prevailing party. Sec. 7430; Rule 231(a)(2). Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. There appears to be a discrepancy between the name of the auto body shop referred to in the letter and the auto body shop referred to in the stipulation of facts. The Court assumes that petitioner inadvertently referred to the auto body shop as Woodland Auto Body in the letter rather than Western World Recovery, Inc.↩
3. A copy of a receipt dated Jan. 13, 1988, which reflects petitioner's name, a dollar amount of $ 1,500, and refers to petitioner's automobile was made part of this record.↩
4. Even if we had determined that the casualty was sustained in 1988, there is some question as to whether petitioners would be entitled to deduct a carryforward loss in 1989. Sec. 172(b)(1)(A)(i) and (ii) provides that a net operating loss for any year shall first be carried back to each of the 3 years preceding the taxable year of the loss and then carried forward to each of the 15 years following the taxable year of the loss. There is no indication that petitioners made a sec. 172(b)(3) election.↩