GERALD M. AND BARBARA A. HARRIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 6094-92
United States Tax Court
T.C. Memo 1994-22; 1994 Tax Ct. Memo LEXIS 31; 67 T.C.M. (CCH) 1983; January 19, 1994, Filed *31 Decision will be entered for respondent. Gerald M. Harris and Barbara A. Harris, pro se. For respondent: Ann S. O'Blenes. TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 11,159.73 in petitioners' Federal income tax for the year 1987. The sole issue is whether petitioners' utilization of their individual retirement account (IRA) is a permissible IRA investment or a distribution taxable as income and, consequently, an early withdrawal under section 72(t). [1]
All of the facts were stipulated and are so found. Petitioners resided in Lewisville, Texas, at the time their petition was filed. They filed a joint income tax return for 1987 with the Austin Service Center. During 1987, petitioners invested $ 23,611 as a downpayment on a home intended for their retirement years, by utilizing funds from *32 their IRA. Neither petitioner had reached the age of 59-1/2 at the time the IRA funds were transferred and invested in the purchase of a home. Petitioners' position seems to rest upon the following reasoning: (1) The investment in the home was made by the IRA account (presumably by a trustee, see section 408(a)) and not by them personally; (2) since the home was not a collectible within the meaning of section 408(m), [2] it was a permissible investment for an IRA account; and (3) as a consequence of the foregoing, there was no distribution of IRA funds to them. Respondent asserts that the use of the IRA funds constituted a distribution and is therefore taxable to petitioners. We agree with respondent. *33 At the outset, we note that petitioners erroneously assert that the burden is on respondent to prove that the home was not a proper investment. To the extent that there is a burden of proof, it is on petitioners not respondent. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). The fact that this case was submitted fully stipulated does not relieve petitioners of that burden. Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991). The stipulation of the parties clearly states that petitioners made the investment by utilizing their IRA funds, without any indication of the mechanics by which this was accomplished, such as whether a trustee of the IRA account made the investment or how the home was to be titled, etc. Nor does the stipulation indicate whether the home was to be used at any time for a purpose other than as a personal residence of petitioners. To the extent that the absence of such details might affect our conclusion, petitioners fail to carry their burden of proof. Borchers v. Commissioner, supra.[3] However, *34 as we see it, it is immaterial whether the IRA account or petitioners personally made the investment since, under either procedure, a distribution to petitioners from the IRA account occurred.
The use of funds by an IRA account for the acquisition of property solely for the purpose of providing petitioners with a personal residence is a "prohibited transaction" under section 4975 and particularly subsection (c)(1)(D) thereof, which lists, as such a transaction, "any direct or indirect * * * transfer to, or use by or for the benefit of, a disqualified person of the income or assets of a plan". Section 4975(e) defines "plan" to include "an individual retirement account" described in section 408. Since the owner of an IRA account is considered a "disqualified person", see H. Conf. Rept. 93-1280 (1974), 1974-3 C.B. 415, 501, the conditions of section 4975 have been met. Section 408(e)(2) provides *35 that an IRA account loses its exemption where it engages in a transaction prohibited by section 4975 and that, under such circumstances, the assets of the account are deemed to have been distributed. Petitioners' reliance on section 408(m) is totally misplaced. The purpose of that provision was to remove collectibles from the category of otherwise permissible investments of IRA funds. It clearly was not intended to expand that category to include investments that were previously not permitted. The language of the provision itself defines investment in collectibles as a distribution and does not purport to deal with other types of investments of IRA funds, and the legislative history clearly reflects the restrictive purpose of the statute. H. Rept. 97-201 (1981), 1981-2 C.B. 352, 371; H. Conf. Rept. 97-215 (1981), 1981-2 C.B. 481, 503. We are reinforced in our analysis by the fact that property, intended to be used solely as a personal residence, has consistently not been considered an investment vehicle. See, e.g., Starker v. United States, 602 F.2d 1341, 1350-1351 (9th Cir. 1979) ("It has *36 long been the rule that use of property solely as a personal residence is antithetical to its being held for investment. Losses on the sale or exchange of such property cannot be deducted for this reason, despite the general rule that losses from transactions involving trade or investment properties are deductible. Treas. Reg. 1.165-9(a); see Shields v. Commissioner, [T.C. Memo.] 1978-120"); see also sec. 1.167(a)-2, Income Tax Regs. ("No deduction for depreciation shall be allowed * * * on a building used by the taxpayer solely as his residence"). The fact that the home was intended to be used as a retirement home does not bring the use of the IRA funds into the category of investments permitted to IRA accounts. In light of the foregoing, the $ 23,611 utilized from the IRA account is considered as having been distributed to petitioners and the taxability of the distribution is governed by the same rules which would apply if, in fact, the funds had actually been distributed to petitioners and invested by them in the retirement home. Since it is clear that the funds were not reinvested in another retirement plan or account in accordance with the rollover provisions of section *37 408(d)(3), petitioners are taxable on the amount distributed. Aronson v. Commissioner, 98 T.C. 283 (1992); Luke v. Commissioner, T.C. Memo. 1993-409. We note that there is some indication that petitioners' position is based upon advice that they obtained from a representative of respondent in response to a telephone inquiry. Any reliance on such advice would not afford petitioners any relief because respondent is not bound by the acts of her agents under such circumstances. E.g., Miller v. United States, 949 F.2d 708, 712 (4th Cir. 1991); Bay Sound Transp. Co. v. United States, 410 F.2d 505, 510 (5th Cir. 1969); Hill v. Commissioner, T.C. Memo. 1986-234. Finally, there are no circumstances present herein which entitle petitioners to relief from the addition to tax for premature withdrawal under section 72(t). Respondent's determinations as to the taxability of the $ 23,611 of IRA funds used to purchase a home for petitioners and the addition to tax under section 72(t) are sustained. Since petitioners have conceded all the *38 other determinations set forth in the notice of deficiency, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 408(m) provides: (m) Investment In Collectibles Treated as Distributions. -- (1) In General. -- The acquisition by an individual retirement account or by an individually-directed account under a plan described in section 401(a) of any collectible shall be treated (for purposes of this section and section 402) as a distribution from such account in an amount equal to the cost to such account of such collectible. (2) Collectible Defined. -- For purposes of this subsection, the term "collectible" means: (A) any work of art, (B) any rug or antique, (C) any metal or gem, (D) any stamp or coin, (E) any alcoholic beverage, or (F) any other tangible personal property specified by the Secretary for purposes of this subsection.
(3) Exception For Certain Coins. -- In the case of an individual retirement account, paragraph (2) shall not apply to any gold coin described in paragraph (7), (8), (9), or (10) of section 5112(a) of title 31 or any silver coin described in section 5112(e) of title 31.↩
3. Respondent does not question that the IRA account was a qualified retirement plan under sec. 408.↩