T.C. Memo. 2005-15

UNITED STATES TAX COURT

LARRY N. MILBY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3815-04.                    Filed January 31, 2005.

Larry N. Milby, pro se.

Nancy C. Carver, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  Respondent determined deficiencies in, and
additions to, petitioner's Federal income tax (tax), as follows:

|       |            | Additions to Tax |                  |              |
| Year  | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6651(a)(2) | Sec. 6654(a) |
|-------|------------|------------------|------------------|--------------|
| 1998  | $2,674     | $570.83          | $634.25          | $121.36      |
| 2001  | 3,514      | 790.65           | 298.69           | 139.05       |

The issues remaining for decision are:

(1)  Should the Court sustain respondent's deficiency determination for each of the years at issue?  We hold that the Court should.

(2)  Is petitioner liable for each of the years at issue for an addition to tax under section 6651(a)(1)?  We hold that he is.

(3)  Is petitioner liable for each of the years at issue for an addition to tax under section 6654(a)?  We hold that he is.

### FINDINGS OF FACT

Most of the facts have been deemed admitted pursuant to Rule 90(c).  Certain other facts have been stipulated and are so found.

At the time he filed the petition in this case, petitioner's mailing address was in Magnolia, Kentucky.

During 1998, petitioner received a total of $15,406 in wages from the companies indicated below:

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

| Payor of Wages | Amount of Wages |
|---|---|
| Geo P. Reintjes Co., Inc. | [1]$11,140 |
| Raytheon Construction, Inc. | 3,465 |
| NPS Energy Services, Inc. | 801 |

[1]During 1998, Geo P. Reintjes Co., Inc., withheld $137 of tax from petitioner's wages.  Petitioner did not make any other tax payments with respect to his taxable year 1998.

During 1998, petitioner also received $9,375 in unemployment compensation from the Commonwealth of Pennsylvania.

During 2001, petitioner received a total of $30,877 in wages from the companies indicated below:

| Payor of Wages | Amount of Wages |
|---|---|
| Aycock, Inc. | $4,993 |
| Day & Zimmerman NPS, Inc. | 14,317 |
| Minnotte Contracting Corp. | 6,520 |
| Peninsular Engineering | 5,047 |

Petitioner did not make any tax payments with respect to his taxable year 2001.

Petitioner did not file a tax return for his taxable year 1998 or for his taxable year 2001.

Respondent issued to petitioner a notice of deficiency (1998 notice) for his taxable year 1998.  In the 1998 notice, respondent determined that petitioner has unreported wage income of $15,406 and unemployment compensation of $9,375 for his taxable year 1998.  In the 1998 notice, respondent further determined that petitioner is liable for that year for additions to tax under sections 6651(a)(1) and (2) and 6654(a).  Respondent also issued to petitioner a notice of deficiency (2001 notice) for his

taxable year 2001. In the 2001 notice, respondent determined that petitioner has unreported wage income of $30,877 for his taxable year 2001. In the 2001 notice, respondent further determined that petitioner is liable for that year for additions to tax under sections 6651(a)(1) and (2) and 6654(a).

OPINION

Respondent acknowledges that section 7491(a) is applicable in the instant case. Respondent argues, however, that petitioner has failed to carry his burden of showing that he has satisfied the applicable requirements of section 7491(a)(2). Consequently, according to respondent, the burden of proof in this case does not shift to respondent under section 7491(a). On the record before us, we agree with respondent. We find that petitioner has the burden of proving that the respective determinations in the 1998 notice and in the 2001 notice are wrong. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). That this case was submitted under Rule 122 does not change that burden or the effect of a failure of proof. See Rule 122(b); Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991).

With respect to respondent's respective deficiency determinations for the years at issue, the record establishes that petitioner received wage income and unemployment compensation in 1998 of $15,406 and $9,375, respectively, and wage income in 2001

of $30,887.  On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled to deductions for the taxable years at issue in excess of those allowed in the respective notices of deficiency that respondent issued for those years.  On that record, we sustain respondent's deficiency determination for each of those years.

With respect to respondent's respective determinations for the years at issue of additions to tax under section 6651(a)(1), petitioner made the following allegations in the petition with respect to his failure to file a tax return for either of those years:

> There **was no** return due for both years in ques-
> tion, thus no return for the periods here involved was
> filed with the Office of the Internal Revenue Service
> nor has any person been authorized by the Petitioner to
> file such non required returns.  Any claims to the
> contrary would be fraudulent.

The record establishes, and petitioner concedes in the petition, that he did not file a tax return for either of the years at issue.  The record establishes that petitioner received wage income of $15,406 and unemployment compensation of $9,375 for his taxable year 1998 and wage income of $30,887 for his taxable year 2001.  On the record before us, we find that respondent has satisfied respondent's burden of production with respect to the addition to tax under section 6651(a)(1) that respondent determined for each of the years at issue.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  On that

record, we further find that petitioner has failed to carry his burden of showing that his failure to file a tax return for each of those years was due to reasonable cause and not due to willful neglect. On the record before us, we find that petitioner has failed to establish that he is not liable for each of the years at issue for an addition to tax under section 6651(a)(1).[2]

With respect to respondent's respective determinations for the years at issue of additions to tax under section 6654(a), respondent points out that in the petition petitioner did not assign any error to those determinations. According to respondent, pursuant to Rule 34(b)(4), each issue not addressed in the petition by a clear and concise assignment of error, including additions to tax and penalties, is deemed to have been conceded. We agree with respondent. See Funk v. Commissioner, 123 T.C. 213, 215 (2004); Swain v. Commissioner, 118 T.C. 358, 363 (2002). In the petition, petitioner failed to assign error to the additions to tax under section 6654(a) that respondent determined in the respective notices for the years at issue. On the record before us, we find that petitioner is deemed to have conceded such additions to tax. Petitioner failed to place at issue in

---

[2]The calculation of the amount of the addition to tax under sec. 6651(a)(1) for each of the years at issue for which we have held petitioner is liable is not subject to sec. 6651(c)(1). That is because respondent conceded the addition to tax under sec. 6651(a)(2) that respondent determined for each of those years.

the petition the additions to tax under section 6654(a) that respondent determined. Consequently, respondent is not required under section 7491(c) to produce evidence that such additions to tax are appropriate. See Funk v. Commissioner, supra at 216-218; Swain v. Commissioner, supra at 363-365. On the record before us, we find that petitioner has failed to carry his burden of establishing that he is not liable for each of the years at issue for an addition to tax under section 6654(a).

We now consider sua sponte whether the Court should impose a penalty on petitioner under section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer instituted or maintained a proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless.

On several occasions before the parties submitted this case under Rule 122, the Court (1) informed petitioner that the petition contained statements, assertions, contentions, and arguments that the Court found to be frivolous and groundless, (2) reminded him about section 6673(a)(1), and (3) admonished him that, in the event he were to continue to advance frivolous and/or groundless statements, assertions, contentions, and arguments, the Court would impose a penalty on him under section 6673(a)(1). Nonetheless, in the brief that petitioner filed in

this case, he persisted in making frivolous and groundless statements, assertions, contentions, and arguments. On the instant record, we find that petitioner's position in this case is frivolous and groundless and that he instituted and maintained the instant proceeding primarily for delay. We shall impose on petitioner pursuant to section 6673(a)(1) a penalty of $1,200.

We have considered all statements, assertions, contentions, and arguments of petitioner, and, to the extent that they are not frivolous and/or groundless, we find them to be irrelevant and/or without merit.

To reflect the foregoing and respondent's concession,

<u>Decision will be entered under Rule 155</u>.