T.C. Summary Opinion 2005-156


UNITED STATES TAX COURT



BRENDA NASH-MILTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 318-04S.            Filed October 26, 2005.


Brenda Nash-Milton, pro se.

<u>Miriam C. Dillard</u>, for respondent.



PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.  The decision
to be entered is not reviewable by any other court, and this
opinion should not be cited as authority.  Unless otherwise
indicated, all subsequent section references are to the Internal
Revenue Code in effect at relevant times, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $833 in petitioner's Federal income tax for 2001. The issues for decision are: (1) Whether petitioner received and failed to report unemployment compensation for the year in issue; (2) whether petitioner is entitled to a deduction for contributions to an Individual Retirement Account (IRA) for the year in issue; and (3) whether petitioner is entitled to deduct Schedule C, Profit or Loss From Business, expenses claimed on a Form 1040X, Amended U.S. Individual Income Tax Return, submitted to respondent.

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioner resided in Orlando, Florida, at the time the petition was filed.

This case was called for trial at a trial session of the Court in Tampa, Florida, on September 20, 2004. Counsel for respondent appeared at trial; however, there was no appearance by or on behalf of petitioner. Respondent advised the Court that petitioner and respondent had executed a stipulation of facts, and, accordingly, this stipulation with attached exhibits was filed and made part of the record. Petitioner provided no explanation for her failure to appear at the trial session. By order dated September 20, 2004, the Court deemed the matter

submitted as fully stipulated.  See Rule 149(a).  Respondent's trial memorandum was filed on the same date.

On October 1, 2004, respondent filed a Notice of Proceeding in Bankruptcy advising that petitioner had filed a petition with the U.S. Bankruptcy Court for the District of Arizona under 11 U.S.C. chapter 13 on June 3, 2004.[1]  By order dated October 18, 2004, the Court stayed all proceedings under 11 U.S.C. section 362(a)(8) and vacated the pertinent part of the September 20, 2004, order in which the case was deemed submitted.

On February 1, 2005, the bankruptcy court confirmed petitioner's chapter 13 plan which provided for 60 monthly payments.  On July 30, 2005, the bankruptcy court granted respondent's motion to modify the automatic stay to permit the Tax Court proceeding to continue.

By order dated August 31, 2005, petitioner was given until September 22, 2005, to file an objection, if any, to submission of this case fully stipulated.  Petitioner did not file an objection, and on October 5, 2005, the Court deemed this case submitted fully stipulated.

As previously noted, petitioner failed to appear or present argument, and, accordingly, the factual background is based on the stipulation of facts and exhibits submitted to the Court. During the taxable year 2001 petitioner received wages of $15,808

---

[1]  The petition was filed on Jan. 7, 2004.

and unemployment compensation from the State of Arizona of $3,485.

Tax Return and Notice of Deficiency

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2001. A copy of the return was not made part of this record, but the parties did attach a copy of a RTVUE, which is a type of Internal Revenue Service electronic transcript reflecting relevant information from the 2001 return.[2] Petitioner did not report, on the 2001 return, the $3,485 of unemployment compensation received from the State of Arizona. Petitioner also claimed an IRA deduction in the amount of $2,000. In an amended return, Form 1040X (stamped received by the IRS on April 29, 2004), petitioner attached a Schedule C wherein she reported gross receipts of zero and claimed expenses of $5,302.

In the notice of deficiency, respondent determined that petitioner received unreported unemployment compensation income of $3,485. Respondent further disallowed the claimed IRA deduction.[3]

---

[2] The Court notes that the RTVUE reflects wages of $17,808. The stipulation of facts reflects wages of $15,808. The record does not explain this discrepancy. The Court's findings are premised on the stipulation of facts.

[3] The Schedule C, Profit or Loss From Business, deduction of $5,302 was not claimed by petitioner until after the notice of deficiency was issued and after the petition was filed. Accordingly, the claimed deduction is considered by the Court as if properly raised by amendment to petition.

## Discussion

Petitioner did not assert or present evidence or argument that she satisfied the requirements of section 7491(a). We conclude that the burden of proof does not shift in this case. Petitioner failed to appear in this case to present any argument or evidence that the adjustments made in the notice of deficiency are incorrect. Further, petitioner presented no evidence to support the Schedule C expenses claimed on the Form 1040X. The fact that this case was submitted on the basis of the stipulated record does not change the burden of proof. Rule 122(b); Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. on other issues 943 F.2d 22 (8th Cir. 1991).

Section 61 provides that all income, from whatever source derived, is includable in gross income unless specifically excluded by another provision. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). "In the case of an individual, gross income includes unemployment compensation." Sec. 85(a). "[T]he term 'unemployment compensation' means any amount received under a law of the United States or of a State which is in the nature of unemployment compensation." Sec. 85(b). "The amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer". Sec. 451(a).

Deductions, which are strictly construed, are a matter of legislative grace, and the burden of clearly showing the right to the claimed deduction is on the taxpayer.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Section 219 permits, subject to limitations, a deduction for a qualified retirement contribution.  Section 162 permits a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business.

There is no evidence in this record indicating that a contribution was made to a qualified retirement plan during the year in issue or that petitioner paid or incurred expenses in carrying on a trade or business.  There are neither documents nor testimony to establish entitlement to the claimed deductions.  Accordingly, petitioner is not entitled to the claimed $2,000 deduction for a contribution to an IRA or the claimed $5,302 deduction on Schedule C of the amended return.

In conclusion, we find in favor of respondent on all issues.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for respondent.