# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1869

_____

John Delcastillo; Lois Diane
Delcastillo,

        Appellees,

      v.

Odyssey Resource Management, INC.,
a Texas Corporation,

        Appellant,

The Loomis Company, a Pennsylvania
corporation; Reliance Group Holdings,
INC., a Delaware corporation,

        Defendants,

1st Odyssey Group, a Texas
corporation,

        Appellant.

      *
      *
      *
      *
      *  Appeal from the United States
      *  District Court for the
      *  District of Nebraska.
      *
      *  [UNPUBLISHED]

_____

Submitted: August 22, 2008
Filed: September 11, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Odyssey Resource Management, Inc. and 1st Odyssey Group (collectively Odyssey) appeal the district court's orders on remand awarding unreimbursed medical expenses, statutory penalties, and attorney's fees to John and Lois Delcastillo in their Employment Retirement Income Security Act (ERISA) lawsuit.

We conclude that the district court exceeded the scope of this court's mandate on remand in its award of unreimbursed medical expenses and statutory penalties under 29 U.S.C. § 1132(c)(1)(B). See Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs., 364 F.3d 925, 931 (8th Cir. 2004) (district court is not free on remand to reconsider finally-disposed-of question); Borchers v. Comm'r, 943 F.2d 22, 23 (8th Cir. 1991) (mandate controls all matters within its scope, and on remand court is not free to revisit issues expressly or impliedly decided). This court clearly limited the period for which the Delcastillos could recover unreimbursed medical expenses from February 1, 1999, until June 30, 2000. See Delcastillo v. Odyssey Res. Mgmt, Inc., 431 F.3d 1124, 1129, 1131 (8th Cir. 2005). Further, this court vacated an award of statutory penalties on any basis. See id. at 1129-31. We note, however, that the Delcastillos may be entitled to prejudgment as well as postjudgment interest. See Christianson v. Poly-Am., Inc. Med. Benefit Plan, 412 F.3d 935, 941 (8th Cir. 2005) (purposes of prejudgment interest); Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1331 (8th Cir. 1995) (interest should be calculated under 28 U.S.C. § 1961).

Accordingly, we reverse the award of statutory penalties under section 1132(c)(1)(B), and we vacate the award of unreimbursed medical expenses. We remand for the district court to determine and award to the Delcalstillos only the amount of their unreimbursed medical expenses for the period from February 1, 1999, to June 30, 2000. The district court should also determine whether prejudgment interest, as well as postjudgment interest, is warranted. Because we have reversed a portion of the district court's award, we again vacate the attorney's fee award and remand for reconsideration. See Delcastillo, 431 F.3d at 1131-32 (directing district court to redetermine whether to exercise its discretion in awarding attorney's fees,

keeping in mind that reduced award is proper where relief, however significant, is limited as compared to whole scope of litigation); <u>Martin v. Ark. Blue Cross & Blue Shield</u>, 299 F.3d 966, 969-72 & n.4 (8th Cir. 2002) (en banc) (declining to adopt presumption in favor of awarding attorney's fees to prevailing ERISA plaintiffs; relevant considerations).

_____