T.C. Memo. 2019-48

UNITED STATES TAX COURT

JASON AARON COOK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12807-15.                          Filed May 7, 2019.

<u>Kira A. Cook</u>, for petitioner.

<u>Wendy C. Yan</u> and <u>Timothy B. Heavner</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  Respondent determined that petitioner had a deficiency of

$4,169 for 2012.  The primary issue for decision is whether, for the 2012 tax year,

**[\*2]** petitioner may claim as a dependent his minor child C.D.C.[1] We hold that he may not, and thus petitioner is not entitled to head of household filing status, the child tax credit, or the earned income tax credit with respect to C.D.C. for 2012.

## Background

This case was submitted for decision fully stipulated under Rule 122.

A.    Petitioner's Relationships With C.D.C. and Mrs. Taylor

Petitioner and Tara Taylor have never been married to each other. They have a minor child, C.D.C. Mrs. Taylor married Brooks Taylor in July 2011 and remained married to him when this case was submitted. C.D.C. lived with Mrs. Taylor throughout 2012 and did not live with petitioner during any part of that year.

The York Juvenile and Domestic Relations District Court issued an order of support on October 24, 2011. Pursuant to that order, petitioner shall pay Mrs. Taylor $788 per month for child support until C.D.C. attains the age of 18 and, if C.D.C. is a full-time high school student, not self-supporting, and living in Mrs. Taylor's home, support shall continue each month until C.D.C.'s 19th birthday or graduation from high school, whichever occurs first. That court also ordered

---

[1]We refer to minor children by their initials. See Rule 27(a)(3). Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner resided in Virginia when he filed the petition.

[*3] petitioner to pay 100% of C.D.C.'s reasonable and necessary unreimbursed medical and dental expenses to the extent they exceed $250 for any calendar year. The order of support does not state who may claim C.D.C. as a dependent; however, petitioner and Mrs. Taylor had an oral agreement that petitioner could claim C.D.C. as a dependent on his income tax returns.

B.    Petitioner's Tax Return for 2012

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2012, on which he claimed C.D.C. as a dependent and claimed head of household filing status, the child tax credit, and the earned income tax credit with respect to C.D.C.  Petitioner did not attach to his Form 1040 for 2012 a Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, or any substitute for a Form 8332 signed by Mrs. Taylor.

Discussion

A.    The Issue for Decision

The primary issue for decision is whether C.D.C. was petitioner's dependent for tax year 2012.  If not, petitioner may not claim her as a dependent, file as a head of household, or claim a child tax credit or an earned income tax credit for 2012 with respect to her.

**[*4]** B.     Burden of Proof

The burden of proof is generally on the taxpayer, and the submission of a case under Rule 122 does not alter that burden.  Rule 142(a); see Borchers v. Commissioner, 95 T.C. 82, 91 (1990), aff'd, 943 F.2d 22 (8th Cir. 1991).

Petitioner contends that the burden of proof shifts to respondent under section 7491[2] because petitioner presented credible evidence relating to the factual issues relevant to deciding his tax liability.  We need not decide that issue because no fact is in dispute relating to petitioner's tax liability.

C.     Dependency Exemption

A taxpayer is allowed a deduction for "each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year."  Sec. 151(a), (c). Section 152(a) defines a dependent as a qualifying child or a qualifying relative of the taxpayer.  Thus, we next decide whether C.D.C. was petitioner's qualifying child or qualifying relative for 2012.

1.     Qualifying Child

Petitioner contends that C.D.C. was his qualifying child for the 2012 taxable year.  In general, to be a taxpayer's qualifying child, an individual must:  (A) bear

---

[2]Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

**[*5]** a specified relationship to (e.g., be a child of) the taxpayer, (B) have the same principal place of abode as the taxpayer for more than one-half of the taxable year, (C) not have attained the age of 19 during or before the taxable year in issue, (D) not have provided more than one-half of his or her own support for the year, and (E) not have filed a joint return for that year. Sec. 152(c)(1). Respondent concedes that petitioner meets requirements (A), (C), (D), and (E).

C.D.C. did not have the same principal place of abode as petitioner for more than one-half of (or for that matter, for any part of) 2012 and thus does not qualify under section 152(c)(1)(B). However, a child can be a qualifying child of a parent with whom the child does not have the same principal place of abode if "(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year." Sec. 152(e)(2). That requirement is met for a tax year if the noncustodial parent files Form 8332 (or a reasonable substitute for Form 8332) with his or her Form 1040 for that tax year. See sec. 152(e)(2)(B). Petitioner points out that he had an oral agreement with Mrs. Taylor that she would not claim C.D.C. as a

[*6] dependent for 2012. Petitioner also asserts that Mrs. Taylor was not employed and had no income for 2012 and thus would not be filing a Form 1040.[3] Thus, according to petitioner, there should be no need for Mrs. Taylor to provide him with Form 8332 for 2012.

Despite the oral agreement between petitioner and Mrs. Taylor and petitioner's related assertions, the statute is clear that, because petitioner is C.D.C.'s noncustodial parent, C.D.C. cannot be his qualifying child for 2012 unless he attached to his Form 1040 for 2012 a completed Form 8332 or a substitute for Form 8332. See sec. 152(e); see also George v. Commissioner, 139 T.C. 508, 516 (2012); Miller v. Commissioner, 114 T.C. 184, 189 (2000). He did not do so. Therefore, C.D.C. was not petitioner's qualifying child for 2012.

2. Qualifying Relative

We next consider whether C.D.C. was petitioner's qualifying relative for 2012. To be a taxpayer's qualifying relative, an individual must: (A) bear a specified relationship to (e.g., be a child of) the taxpayer, (B) have less gross income for the taxable year than the exemption amount, (C) receive more than one-half of the individual's support for the taxable year from the taxpayer, and

---

[3]Despite petitioner's claim regarding Mrs. Taylor's tax filing situation, petitioner acknowledges that someone in addition to him claimed C.D.C. as a dependent.

**[*7]** (D) not be a qualifying child of such taxpayer or of any other taxpayer for the taxable year. Sec. 152(d).

C.D.C. cannot be a qualifying relative of petitioner for 2012 because C.D.C. was a qualifying child of Mrs. Taylor for that year. See sec. 152(d)(1)(D). That is, C.D.C. is the daughter of Mrs. Taylor, she resided with Mrs. Taylor throughout 2012, she is a minor, and she did not provide more than one-half of her own support for 2012 as shown by the fact that petitioner provided $788 per month in child support and 100% of her reasonable and necessary unreimbursed medical and dental expenses. See sec. 152(c)(1). Thus, C.D.C. was not petitioner's qualifying relative for 2012.

D.    Filing Status, Child Tax Credit, and Earned Income Tax Credit

    1.    Head of Household Filing Status

Section 1(b) prescribes a relatively favorable tax rate for a taxpayer who qualifies as a "head of household". As relevant here, a head of household is an individual taxpayer who: (1) is unmarried as of the close of the taxable year and is not a surviving spouse, and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of (a) "a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e))", or (b) "any other

[*8] person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151". Sec. 2(b). Because C.D.C. was not petitioner's qualifying child for 2012 for the reasons stated above, petitioner is not entitled to head of household status for that year.

### 2. Child Tax Credit

Section 24(a) provides a tax credit with respect to each qualifying child of the taxpayer for whom the taxpayer is allowed a deduction under section 151. A "qualifying child" is a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17." Sec. 24(c)(1). Because C.D.C. was not petitioner's qualifying child for 2012 under section 152(c), petitioner is not entitled to the child tax credit for that year.

### 3. Earned Income Tax Credit

Section 32(a)(1) allows an eligible individual an earned income tax credit. An "eligible individual" is an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). The term "qualifying child" means a "qualifying child of the taxpayer (as defined in section 152(c), determined without regard to paragraph (1)(D) thereof and section 152(e))." Sec. 32(c)(3)(A). Because C.D.C. was not petitioner's qualifying child for 2012 under section 152(c) for the reasons stated above, petitioner is not entitled to the earned income tax credit for that year.

**[*9]** E.      <u>Conclusion</u>

      We conclude that C.D.C. was neither petitioner's qualifying child nor his qualifying relative for 2012 under section 152.  Therefore, he is not entitled to the dependency exemption, head of household filing status, the child tax credit, or the earned income tax credit with respect to C.D.C. for 2012.

<u>Decision will be entered for</u>

<u>respondent</u>.