RICHARD F. CLEVELAND AND JESSIE B. CLEVELAND, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78381. Filed June 20, 1960.

*George D. Hubbard, Esq.*, for the petitioners.
*Herbert A. Seidman, Esq.*, for the respondent.

WITHEY, *Judge:* Deficiencies in income tax have been determined by respondent with respect to petitioners for the taxable years 1955 and 1956 in the respective amounts of $2,730.69 and $1,571.13. The only issue for decision is whether under section 174, I.R.C. 1954, certain expenditures, agreed to in amount and purpose, made by petitioners in those years are deductible as experimental and developmental expenses.

FINDINGS OF FACT.

The stipulated facts are found.

Petitioners are husband and wife, she being a party hereto only because of joint income tax returns filed for the years at issue. Petitioner hereinafter has reference to the husband. Their returns were filed with the district director of internal revenue at Baltimore, Maryland, where they reside. In filing their returns they used a cash method of accounting.

Petitioner is and has been for many years an active practitioner at the law, which is his primary occupation and business. Some years prior to 1954 petitioner met and became close friends with Hans Kerla. Kerla was an inventor who had for many years been engaged in the invention and development of an inorganic liquid binder which would be suitable for commercial use. He was lacking in funds with which to carry on his work and to house his family. The binder he had invented was potentially so widely useful commercially, with some variation in the binder dependent upon the use to which it was put, that Kerla found it necessary to explore its useful field and determine which line of development would prove most lucrative. He was self-educated in his field of endeavor, had no business ability or experience, and suffered language difficulties in business negotiations because of a heavy German accent and sentence structure. He sought the legal services of petitioner, who represented him as attorney until Kerla's death which occurred September 23, 1957.

The legal services rendered Kerla by petitioner consisted largely of advice relative to the form of transactions or proposed transactions involving the transfer to users or prospective users of rights in Kerla's binder, the negotiations leading to such transfers, and the preparation of necessary legal documents. Other services rendered Kerla by petitioner consisted largely of making him acquainted with those persons known to petitioner who were or might be engaged in such fields of endeavor as would provide the necessary outlets for Kerla's binder. This state of the business relationship of petitioner and Kerla continued virtually unchanged until Kerla's death.

Soon after petitioner became acquainted with Kerla he became interested in the commercial potentialities of the binder. He realized that Kerla was unable to finance the project and began regularly to furnish money to him. There was no oral or written agreement between them concerning such advances. In addition, petitioner purchased a home in Baltimore which Kerla and his family occupied rent free and in the basement of which a laboratory was established where he worked at the development of his binder. All of Kerla's living expenses during 1955 and 1956, as well as substantially all necessary funds for supplies and personal services of employees in the carrying on of the development process, were furnished by petitioner. Kerla expended $4,923.07 in research and development during 1955 and $3,234.86 in 1956. Representing amounts advanced by petitioner solely for research and development of the binder, petitioner has deducted the amount of $5,598.42 for 1955 and $3,342.83 for 1956. Respondent, in determining deficiencies, has added these amounts to income and disallowed them as deductions.

At some time in 1954 petitioner became aware of the enactment by Congress of section 174 and determined at that time, and largely because thereof, to enter into a written agreement with Kerla regarding their business affairs. In drawing the agreement, which was executed by them on April 20, 1956, it was the intention of petitioner to therein define as nearly as possible such rights and the business relationship of the parties as had existed in the past as he understood them. The agreement is as follows:

TRUST AGREEMENT entered into as of December 31, 1954, by and between HANS KERLA and RICHARD F. CLEVELAND, both of Baltimore, Maryland.

Kerla has, over a period of many years, invented, and developed uses for, a liquid binder, referred to as "Kerloid". Patent applications have been filed by him covering some aspects of the binder and its uses and products, but it is contemplated that he will file other applications relating thereto from time to time. Cleveland has, over a period of years to the date of this Agreement, advanced to Kerla in excess of $68,700, which has been used for experimental work on the binder and for Kerla's personal expenses. The word invention, as used herein covers all present and future patents and patent applications, and developments of the binder and its uses in any form.

In consideration of the premises and other good and sufficient consideration, it is hereby agreed:

1) In consideration of such advances made by Cleveland to December 31, 1954, Kerla hereby agrees that he holds the invention in trust, one-half for himself, and one-half for Cleveland, their personal representatives, legal successors and assigns.

2) In the event that said invention is assigned to any other person or persons, or if licenses are granted to the invention, Kerla and Cleveland will share equally in the consideration or avails as between themselves, notwithstanding others who have contributed or may contribute to the commercial success of

the binder may also share therein in such amount and form as Kerla and Cleveland may agree.

3) This Agreement is subject to any commitments heretofore or hereafter made to others as to their participation, it being the intention of this Agreement to establish the equal participation of Kerla and Cleveland as between themselves in the avails of the invention.

4) Cleveland hereby confirms that he has annually released Kerla from any and all claims with respect to money advanced to or for Kerla in each respective year prior to January 1, 1955, whether for expenses of development of the invention or for personal expenses of Kerla.

5) Kerla agrees to continue to spend his full time in active experimentation on the invention. Until such time as other arrangements are made, Cleveland agrees to continue to advance from and after January 1, 1955, the expenses of experimentation and personal expenses of Kerla to the extent of Cleveland's reasonable financial ability to do so, and Kerla shall not be under any obligation to repay such experimental expenses, and shall be obligated to repay advances for personal expenses dating from January 1, 1955, only if fully able to do so.

6) Kerla agrees to keep accurate annual records of advances made by Cleveland beginning with January 1, 1955, and a detailed annual account of expenditures for experimentation, and to submit such records and account to Cleveland on or before February 1 of the succeeding year.

7) Nothing contained herein shall qualify Kerla's right to the legal title to the invention, or his right to prosecute pending patent applications or to file other such applications in his name as sole inventor.

8) The parties agree that in addition to the advances referred to above, Cleveland has rendered substantial legal services over a period of many years in the development of the invention for which no payment has been made, and that in the event that the invention is financially successful, a reasonable fee for such services will be paid to Semmes, Bowen & Semmes, of which Cleveland is a partner, which will be charged in the same proportion as the avails are divided.

9) It is agreed that the advances by Cleveland referred to above do not include the cost and expenses paid by Cleveland to purchase in his name the house at 525 Beaumont Avenue, in Baltimore, which Kerla has for several years prior to the date of this Agreement occupied as his residence and office without rent.

10) The parties agree to execute such other papers as may be requisite to implement any of the foregoing.

WITNESS the hands and seals of the parties, as of December 31, 1954.

(Signed)    Hans Kerla    (L.S.)
HANS KERLA
(Signed)    Richard F. Cleveland    (L.S.)
RICHARD F. CLEVELAND

Petitioner made no expenditures during the years at issue for experimental or developmental purposes with respect to the binder invention.

OPINION.

Whether petitioner is entitled to deduct amounts paid to Kerla as experimental and developmental expense under section 174, I.R.C.

1954,[1] depends upon (1) whether he expended any amount for such purposes and (2) whether his advances to Kerla were for the acquisition of a proprietary interest in Kerla's invention. We think the first question must be decided in the negative and the second in the affirmative.

As a factual matter it is clear that although petitioner made sizable advances to Kerla during the years prior to April 20, 1956, the date of their agreement, he at no time or in any manner attempted to dictate or control his use of advanced funds. His furnishing of such funds was not in consideration of any benefit to himself but at most, as he testified, in the mere hope of eventual return thereof. It seems clear from petitioner's testimony that he made the advances as mere loans. It is true that upon several occasions Kerla made statements indicating that petitioner was half owner of the binder invention, but we are convinced that through petitioner's friendship for Kerla and because of his reliance upon Kerla's honesty, he would have continued to make advances of funds in the absence of such statements. It seems clear indeed that so far as petitioner was concerned the only reason for the execution of a written agreement between them was the advent of section 174. Under the facts presented amounts expended for experimental or developmental purposes were expended by Kerla not by petitioner.

It is apparent from another standpoint that petitioner is not entitled to the deduction sought. If the April 20, 1956, agreement had any prospective effect at all, it constituted a sale by Kerla to petitioner of a one-half ownership in Kerla's binder invention in consideration for moneys theretofore advanced by petitioner. The agreement accomplished no more than that. No partnership is thereby created; no joint venture is effectuated. It provides for no division of profits to be derived from the binder and indicates no intention with respect to the sharing of the expense and liabilities incurred in the development and commercializing of the binder. It must be remembered that petitioner is an attorney at the law with long experience and high standing in his profession. Should he have intended to establish a partnership or joint venture relationship with Kerla, it is reasonable to expect that their agreement would clearly express such an intention.

Kerla made any experimental and developmental expenditures shown by the record from moneys initially loaned him by petitioner. On April 20, 1956, he converted such loans to the purchase price

[1] SEC. 174. RESEARCH AND EXPERIMENTAL EXPENDITURES.

   (a) TREATMENT AS EXPENSES.—

      (1) IN GENERAL.—A taxpayer may treat research or experimental expenditures which are paid or incurred by him during the taxable year in connection with his trade or business as expenses which are not chargeable to capital account. The expenditures so treated shall be allowed as a deduction.

paid by petitioner for a half interest in his invention and by agreement petitioner released him from all liability for repayment of such advanced funds. The agreement does not seek to characterize advances made subsequent to its execution and because thereof, and the absence of any evidence to the contrary, we conclude such subsequent payments were likewise loans to Kerla expendable by him in any manner he saw fit.

*Decision will be entered for the respondent.*