T.C. Memo. 1998-183


UNITED STATES TAX COURT


PATRICK F. AND ARLENE G. SHEEHY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22034-96.                    Filed May 18, 1998.


<u>Ralph C. Larsen</u>, for petitioners.

<u>Christine V. Olsen</u>, for respondent.


MEMORANDUM OPINION


RAUM, <u>Judge</u>:  The Commissioner determined deficiencies of
$31,643 and $1,605 in petitioners' 1992 and 1993 Federal income
taxes, respectively.  At issue is whether petitioners are
entitled to deduct an expenditure of $50,000 in connection with
their investment in Recyclable Containers Company.  This case was
submitted on the basis of a stipulation of facts.

Petitioners, Patrick and Arlene Sheehy, resided in California when the petition in this case was filed. References to petitioner in the singular are to petitioner husband.

In 1992, petitioner made $50,000 in capital contributions to Recyclable Containers Company (RCC).[1] His investment resulted in his ownership of a 1-percent profit-share.

According to an undated private placement memorandum, there was $400,000 worth of limited partnership interests available in RCC. The private placement memorandum explains:

> Recyclable Containers Company * * * intends to offer privately to a limited number of sophisticated investors the opportunity to invest in [RCC], a California limited partnership organized to further research and development of the technology involved relating to the high volume manufacturing of a fabricated all-plastic, reusable and recyclable shipping and storage container and pallet * * * which has various proven produce and industrial applications; to build the production tooling and equipment to manufacture and sell the Product; and to license the technology to manufacture the Product on a world-wide basis.

For taxable year 1992, petitioners deducted $50,000 as a "Product Development" expense on a Schedule C, Profit or Loss From Business, attached to their 1992 Federal income tax return. On the Schedule C, petitioners listed "Recyclable Container Company" as the business name, and characterized the business as

---

[1] Petitioners contend that the $50,000 is not a capital contribution. However, RCC characterized investments as either "loan" or "capital", and we use the capital contribution designation for the sake of convenience.

"Manufacturing Recyclable containers".  They also indicated that petitioner materially participated in the operation of the business.  Petitioners reported no income on the Schedule C, nor did they deduct any expenses other than the $50,000 "Product Development" expense.

The Commissioner's notice of deficiency disallowed two different research and development deductions, each for $50,000. The first, taken in 1992 in connection with horse-breeding activities, was conceded by respondent.  The second, taken in 1992 in connection with the investment in RCC, is still in contention.  The remaining items contained in the notice of deficiency have been conceded by the parties or are statutory adjustments dependent upon the outcome of the RCC issue.

Petitioners contend they are entitled to deduct the $50,000 they paid to RCC in 1992 under section 174(a).[2]  Section 174(a) allows a taxpayer to "treat research or experimental expenditures which are paid or incurred * * * in connection with his trade or business as expenses which are not chargeable to capital account. The expenditures so treated shall be allowed as a deduction." Section 1.174-2(a)(2), Income Tax Regs., indicates that section 174 applies "not only to costs paid or incurred by the taxpayer

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

for research or experimentation undertaken directly by him but also to expenditures paid or incurred for research or experimentation carried on in his behalf by another person or organization".

Deductions are a matter of legislative grace, and the taxpayer has the burden of demonstrating that he is entitled to a deduction. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The burden of proof remains on the taxpayer even when the case is submitted fully stipulated. Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991). Petitioners have adequately substantiated that they paid $50,000 to RCC in 1992. To be entitled to the deduction, however, they must demonstrate that the amount was actually spent for research or experimentation conducted by them or on their behalf in connection with their trade or business. See Grindle v. Commissioner, T.C. Memo. 1993-297.

Petitioners' evidence consists of two documents. First, on the Schedule C of their 1992 Federal income tax return, they list RCC as petitioner's business. They describe its function as "Manufacturing Recyclable containers" and indicate that petitioner "materially participated". Plainly, petitioners' Schedule C is self-serving, and hardly represents convincing evidence on their behalf.

Second, petitioners provide the first page of RCC's private placement memorandum.  That document describes RCC as

> a California limited partnership organized to further research and development of the technology involved relating to the high volume manufacturing of a fabricated all-plastic, reusable and recyclable shipping and storage container and pallet * * * which has various proven produce and industrial applications; to build the production tooling and equipment to manufacture and sell the Product; and to license the technology to manufacture the Product on a world-wide basis.

The Amended Certificate of Limited Partnership for RCC was entered into on December 30, 1983.  Petitioner's checks to RCC are dated June 12, 1992.  It is unclear when the private placement memorandum was issued.  It is possible that during the 9 years between RCC's formation and petitioner's investment, RCC started to manufacture and sell its product.  If that is the case, petitioners would need to demonstrate that their $50,000 was spent on research or experimentation as opposed to manufacturing.  This they have not done.  It is also possible that RCC licensed the technology to another organization on an exclusive basis.  In that event, RCC's research is not being conducted in connection with a trade or business of its own or petitioners' of developing recyclable plastic containers.  As a result, petitioners, on whose behalf the research is being conducted, have not met the requirements of section 174(a).

The above situations are merely hypothetical.  The record does not provide enough evidence for more than speculation.  It

might be, as petitioners argue, that RCC is involved in the business of developing recyclable containers with the intention of manufacturing them.  Then again, it might not.  It is up to petitioners to prove that they engaged indirectly through RCC in research or experimentation.  This they have not done.  It is also up to petitioners to prove that their expenditure was paid or spent in connection with their own trade or business.  The controlling inquiry in determining whether an expenditure under section 174 was made "in connection with" a taxpayer's trade or business is whether the taxpayer is "'actively involved in the * * * [research project] as a trade or business.'"  LDL Research & Dev. II, Ltd. v. Commissioner, 124 F.3d 1338, 1342 (10th Cir. 1997) (quoting Nickeson v. Commissioner, 962 F.2d 973, 978 (10th Cir. 1992), affg. Brock v. Commissioner, T.C. Memo. 1989-641), affg. T.C. Memo. 1995-172.  As stated by the Court of Appeals for the Ninth Circuit:

> The language of * * * [section 1.174-2(a)(2), Income Tax Regs.] makes clear that a taxpayer may enjoy the section 174 deduction for research conducted by another entity.  Read in isolation, the regulation might suggest that the * * * [taxpayer] is entitled to the deduction even though it engaged the research firm to conduct its research.  The regulation, however, does not eliminate the trade or business requirement of section 174.  If a * * * [taxpayer] engages another firm to conduct its research, it must satisfy the trade or business requirement in some other way, such as by manufacturing or marketing the resulting technology.
> * * *

Kantor v. Commissioner, 998 F.2d 1514, 1521 (9th Cir. 1993), affg. in part and revg. in part T.C. Memo. 1990-380.

Petitioners rely on Cleveland v. Commissioner, 297 F.2d 169 (4th Cir. 1961), affg. in part, revg. in part and remanding 34 T.C. 517 (1960), and Green v. Commissioner, 83 T.C. 667 (1984), to support their contention that petitioner was an active participant in RCC.

In Cleveland, Mr. Cleveland, an attorney, formed an informal partnership with Hans Kerla, an inventor and chemist. Kerla was working on the development and commercialization of an inorganic binding material. Cleveland provided the funding, and Kerla performed the experiments. Id. at 170. Cleveland also used his business contacts to market Kerla's invention. Id. at 171. The Court of Appeals concluded that Cleveland and Kerla were involved in a joint venture:

> Each of the parties was to participate in the enterprise, Kerla giving his time and effort and Cleveland providing the necessary funds, and they were to share equally in the avails thereof. * * * Cleveland was thereafter engaging with Kerla in the trade or business of promoting the commercial development of the invention in which Cleveland was the owner of a participating one-half interest.

Id. at 173-174.

According to petitioners, petitioner was as active a participant in RCC as Mr. Cleveland was in his joint venture. However, they have not shown that petitioner's contribution to RCC was comparable to Mr. Cleveland's efforts on behalf of his

partnership. Their characterizations about petitioner's participation in RCC are not supported by the record. According to the exhibits, petitioner's only contribution to the running of RCC was checks totaling $50,000. Moreover, petitioners misconstrue Mr. Cleveland's contribution to his partnership, characterizing it as "cash invested and attending to some paperwork." Cleveland has been interpreted to mean that an active role is necessary to qualify as being in a trade or business:

> Furthermore, the court in Cleveland did not hold that the act of financing research in itself constitutes the trade or business of promoting an invention. The combined activities of both participants in the joint venture formed the basis for the court's finding of a trade or business. * * *

Green v. Commissioner, supra at 691. Petitioners have not shown that petitioner did any more than provide financing.

Neither does Green v. Commissioner, supra, support petitioners' entitlement to a deduction. The taxpayers in Green were limited partners in a partnership called LaSala. LaSala was organized to acquire, improve, and develop four inventions. Id. at 668-669. On the day LaSala acquired the inventions, it entered into an agreement with NPDC, a patent development company. Under the agreement, NPDC was to research and develop the inventions. Id. at 671. LaSala had no authority to direct NPDC's efforts. Id. at 672. This Court held that LaSala

functioned only as an investor, id. at 687, and denied the taxpayers the deduction under section 174(a):

> LaSala's "royalty" interest in the development and commercialization of the four inventions was analogous to that of an investor in securities. After the transactions of December 24, 1979, LaSala had no ownership interest in the inventions and no control over their actual development, production, or marketing. * * *

Id. at 689.

The factual situation in Green is similar to that of petitioners'. In both, a limited partnership rather than the taxpayers themselves was in charge of conducting the research and development. The Court in Green analyzed the agreements between LaSala and NPDC to determine whether LaSala was actually controlling the research and development. That analysis is impossible here, because petitioners have not submitted any substantive information on RCC and how it plans to develop the recyclable plastic containers. Lacking such evidence here, we cannot find that petitioner or RCC was actively involved in a trade or business involving the development or manufacture of recyclable plastic containers. Nor can we find that petitioner or RCC had a realistic prospect of entering into a trade or business with regard to the products that were to be developed by RCC. See Snow v. Commissioner, 416 U.S. 500, 503-504 (1974); Kantor v. Commissioner, supra at 1518. Based on the record, we cannot say that petitioner was any more than an investor in RCC.

Petitioners have not shown that the $50,000 paid to RCC in 1992 was spent on research or experimentation activities. Nor have they shown a connection between any research or experimentation activities and a trade or business conducted by petitioner. Accordingly, we hold that petitioners are not entitled to deduct their $50,000 payment to RCC in 1992 under section 174. Additionally, because the activities of petitioner did not constitute a trade or business, petitioners are not entitled to deduct the expenditure as an ordinary and necessary business expense under section 162(a).

<u>Decision will be entered</u>

<u>under Rule 155</u>.