132 T.C. No. 15

UNITED STATES TAX COURT

GREGORY T. AND KIM D. BENZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15867-07.                    Filed May 11, 2009.

In 2002 P-W elected to receive a series of substantially equal periodic payments from her individual retirement account (IRA) that qualified for a statutory exception to the 10-percent additional tax imposed on early distributions pursuant to sec. 72(t)(2)(A)(iv), I.R.C. Sec. 72(t)(4), I.R.C., provides that an employee who modifies a series of periodic payments within the first 5 years (other than by reason of the employee's death or disability) is liable for the 10-percent additional tax. In 2004 P-W received distributions from her IRA for higher education expenses pursuant to sec. 72(t)(2)(E), I.R.C., in addition to the elected periodic payment that qualified for a statutory exception to the 10-percent additional tax. R determined that P-W no longer qualifies for the periodic payment exception for 2004 because the distribution for higher education expenses is an impermissible modification of her election to receive a series of substantially equal periodic payments.

Held: A distribution for higher education expenses is not a modification of P-W's election to receive a series of substantially equal periodic payments.

Howard S. Levy, for petitioners.

Richard J. Hassebrock, for respondent.

OPINION

GOEKE, Judge: Respondent determined a Federal income tax deficiency of $8,959 for 2004. The deficiency results from the imposition of the 10-percent additional tax under section 72(t) on early distributions from an individual retirement account (IRA).[1] The sole issue for decision is whether a distribution for qualified higher education expenses is an impermissible modification of a series of substantially equal periodic payments. We hold that a distribution for qualified higher education expenses is not a modification of a series of substantially equal periodic payments.

Background

This case was submitted to the Court fully stipulated pursuant to Rule 122. The stipulation of facts and the attached

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

exhibits are incorporated herein by this reference. Petitioners resided in Ohio at the time the petition was filed.

While employed by Proctor & Gamble, petitioner wife maintained an IRA. In January 2002 after separating from her employment with Proctor & Gamble, petitioner wife made an election to receive distributions from her IRA in a series of substantially equal periodic payments. This election included an annual fixed distribution of $102,311.50 to be made on January 15 each year for a period based on petitioner wife's life expectancy. On or before January 15, 2004, petitioner wife received a $102,311.50 distribution from her IRA in accordance with her election to receive a series of substantially equal periodic payments. During 2004 petitioner wife received two additional distributions from the IRA: A $20,000 distribution in January 2004 and a $2,500 distribution in December 2004. Petitioner wife had not attained age 59-1/2 when she received these additional distributions. Petitioner wife used the $20,000 and $2,500 distributions for qualified higher education expenses as defined in section 72(t)(7) relating to her son's college expenses. For 2004 petitioners spent $35,221.50 in qualified higher education expenses for their son.

Petitioners timely filed Form 1040, U.S. Individual Income Tax Return, for 2004, reporting the $124,811.50 in distributions from petitioner wife's IRA during 2004. Petitioners did not

report the 10-percent additional tax for an early withdrawal from an IRA pursuant to section 72(t) with respect to any portion of the distributions. Petitioners attached Form 5329, Additional Taxes on Qualified Plans (Including IRAs) and Other Tax-Favored Accounts, to their return and reported that the withdrawals were not subject to any additional tax under section 72(t)(2).

On June 22, 2007, respondent issued a notice of deficiency to petitioners for 2004, determining a Federal income tax deficiency of $8,959. Respondent determined that $89,590 of the $124,811.50 distributed from petitioner wife's IRA was subject to the 10-percent additional tax imposed by section 72(t)(1) on early distributions. Respondent determined that the exception for qualified higher education expenses under section 72(t)(2)(E) applied to the remaining $35,221.50.

Discussion

In general, amounts distributed from an IRA are includable in gross income as provided in section 72. Sec. 408(d)(1). Section 72(t) provides for a 10-percent additional tax on early distributions from qualified retirement plans, unless the distribution falls within a statutory exception. Sec. 72(t)(1) and (2). Section 72(t)(2)(A)(iv) provides an exception from the 10-percent additional tax for distributions that are "part of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy)

of the employee or the joint lives (or joint life expectancies) of such employee and his designated beneficiary".[2]  If the series of substantially equal periodic payments is modified within 5 years of the date of the first distribution (other than by reason of death or disability), then the 10-percent additional tax will be imposed retroactively on prior distributions made before the taxpayer attains age 59-1/2 (referred to as the recapture tax), plus interest.  Sec. 72(t)(4)(A)(ii)(I).  The recapture tax also applies when a modification occurs after the initial 5-year period but before the employee has attained age 59-1/2.  Sec. 72(t)(4)(A)(ii)(II).

Independent from the equal periodic payment exception, section 72(t)(2)(E) provides an exception from the 10-percent additional tax for distributions for qualified higher education expenses.  Section 72(t)(2)(E) provides:

> Distributions from individual retirement plans for higher education expenses.--Distributions to an individual from an individual retirement plan to the extent such distributions do not exceed the qualified higher education expenses (as defined in paragraph (7)) of the taxpayer for the taxable year.  Distributions shall not be taken into account under the preceding sentence if such distributions are described in

---

[2]The Internal Revenue Service has provided three examples of methods to determine a series of substantially equal periodic payments for purposes of sec. 72(t)(2)(A)(iv).  See Notice 89-25, Q&A-12, 1989-1 C.B. 662, 666, modified by Rev. Rul. 2002-62, sec. 2.01, 2002-2 C.B. 710.  Rev. Rul. 2002-62, sec. 2.02(e), 2002-2 C.B. at 711, provides specific instances that would cause a modification to occur.  They focus on tax-free additions to or distributions from the account and are not applicable here.

subparagraph (A), (C), or (D) or to the extent paragraph (1) does not apply to such distributions by reason of subparagraph (B).

By specifically creating an exception for distributions used for higher education expenses, Congress recognized "it is appropriate and important to allow individuals to withdraw amounts from their IRAs for purposes of paying higher education expenses without incurring an additional 10-percent early withdrawal tax."  H. Rept. 105-148, at 330 (1997), 1997-4 (Vol. 1) C.B. 319, 652. Distributions for qualified higher education expenses serve one of numerous purposes Congress identified as deserving special treatment.  Those purposes include paying a tax levy, paying for medical care, paying for health insurance during periods of unemployment, and purchasing a first home.  Sec. 72(t)(2)(A)(vii), (B), (C), (D), and (F).

Petitioner wife's two additional distributions for qualified higher education expenses were made within 5 years of the first annual periodic payment and before petitioner wife had attained age 59-1/2.  Respondent maintains that the two additional distributions constitute an impermissible modification to the periodic payment election under section 72(t)(4).  According to respondent, the substantially equal periodic payment exception is no longer effective for the 2004 distribution.  Respondent concedes that $35,221.50 of the total 2004 distributions satisfied the exception for qualified higher education expenses

under section 72(t)(2)(E) and is not subject to the 10-percent additional tax.

The sole issue for decision is whether a distribution that qualifies for a statutory exception to the 10-percent additional tax under section 72(t)(1) constitutes a modification of a series of substantially equal periodic payments triggering the recapture tax under section 72(t)(4). Respondent argues that an employee who elects a series of substantially equal periodic payments is not allowed any further distributions within the first 5 years of the election irrespective of whether the distribution would qualify for another statutory exception to the section 72(t) tax unless the employee dies or becomes disabled. Petitioners argue that a distribution used for a purpose that qualifies for a statutory exception is not a modification of a series of substantially equal periodic payments that triggers the recapture tax under section 72(t)(4). In Arnold v. Commissioner, 111 T.C. 250, 255-256 (1998), the Court held that an additional distribution that did not qualify for a statutory exception was an impermissible modification to a series of substantially equal periodic payments. In Arnold, we stated: "In order to avoid the section 72(t) tax, petitioners must show that the November 1993 distribution falls within one of the exceptions provided under section 72(t)(2)(A). They have not done so." Id. at 255. Today we also recognize that distributions under section 72(t)(2)(E),

enacted in 1997 and after the year in issue in <u>Arnold</u>, do not trigger the section 72(t) additional tax where the taxpayer receives the distribution within 5 years after the taxpayer begins receiving distributions under a series of substantially equal periodic payments.

The last sentence of section 72(t)(2)(E) recognizes that an employee may qualify for more than one statutory exception to the 10-percent additional tax.  It provides that the amount of distributions attributable to higher education expenses does not take into account distributions described in subparagraph (A), (B), (C), or (D).  Sec. 72(t)(2)(E).  If a distribution qualifies for more than one statutory exception, the employee is exempt from the 10-percent additional tax on the basis of the applicable exception under subparagraph (A), (B), (C), or (D) and need only rely on the higher education expense exception for the additional amount of the distribution.  Subparagraph (A) includes the periodic payments exception.  Similar language is included in subparagraphs (B) (relating to distributions for medical expenses) and (F) (relating to distributions for first home purchases).  Sec. 72(t)(2)(B) and (F).  A modification occurs for purposes of section 72(t)(4) when the method of determining the periodic payments changes to a method that no longer qualifies for the exception.  The legislative history explains the 5-year

prohibition of modifications to a series of substantially equal

periodic payments as follows:

> if distributions to an individual are not subject to
> the tax because of application of the substantially
> equal payment exception, the tax will nevertheless be
> imposed <u>if the individual changes the distribution</u>
> <u>method prior to age 59 1/2 to a method which does not</u>
> <u>qualify for the exception</u>. * * *  For example, if, at
> age 50, a participant begins receiving payments under a
> distribution method which provides for substantially
> equal payments over the individual's life expectancy,
> and, at age 58, the individual elects to receive the
> remaining benefits in a lump sum, the additional tax
> will apply to the lump sum and to amounts previously
> distributed.
>
> In addition, the recapture tax will apply if an
> individual does not receive payments under a method
> that qualifies for the exception for at least 5 years,
> even if the method of distribution is modified after
> the individual attains age 59 1/2.  Thus, for example,
> if an individual begins receiving payments in
> substantially equal installments at age 56, and alters
> the distribution method to a form that does not qualify
> for the exception prior to attainment of age 61, the
> additional tax will be imposed on amounts distributed
> prior to age 59 1/2 as if the exception had not
> applied.

H. Conf. Rept. 99-841 (Vol. II), at II-457 (1986), 1986-3 C.B.

(Vol. 4) 1, 457 (emphasis added).  The method of calculating

petitioner wife's annual periodic payments will not change as a

result of the additional distributions for higher education

expenses.  Congress enacted the recapture tax under section

72(t)(4) to apply to prior distributions received under a series

of periodic payments where the employee fails to adhere to the

payment schedule elected for at least 5 years.  There is no

indication that Congress intended to disallow all additional

distributions within the first 5 years of the election to receive periodic payments.

The legislative purpose of the 10-percent additional tax under section 72(t) is that "Premature distributions from IRAs frustrate the intention of saving for retirement, and section 72(t) discourages this from happening." Dwyer v. Commissioner, 106 T.C. 337, 340 (1996) (citing S. Rept. 93-383, at 134 (1973), 1974-3 C.B. (Supp.) 80, 213) . This legislative purpose is not frustrated where an employee receives distributions for more than one of the purposes that Congress has recognized as deserving special treatment.

We hold that a distribution that satisfies the statutory exception for higher education expenses is not a modification of a series of substantially equal periodic payments. Because we find that a distribution for higher education expenses is not a modification, the 5-year rule prohibiting modifications except in the case of death or disability is not violated.

To reflect the foregoing,

Decision will be

entered for petitioners.