T.C. Memo. 2017-136

UNITED STATES TAX COURT

DAVID D. PRITCHARD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

BARBARA H. PRITCHARD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 9025-15L, 9026-15L.　　　　Filed July 10, 2017.

Warren N. Nemiroff, for petitioners.

David J. Warner, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  Petitioners filed the respective petitions in these consoli-

dated cases in response to respective notices of determination concerning collec-

[*2] tion action(s) under section 6320 and/or 6330[1] (collectively, notices of determination) that respondent issued to petitioner David D. Pritchard and petitioner Barbara H. Pritchard.

The issue remaining for decision is whether petitioners are liable for their taxable year 2008 for the additional tax imposed by section 72(t)(1) with respect to a distribution that they received from an individual retirement plan that they maintained. We hold that they are.

FINDINGS OF FACT

All of the facts in these cases, which the parties submitted under Rule 122, have been stipulated by the parties and are so found.

Petitioners resided in California at the time they filed the respective petitions in these cases.

Petitioners maintained an individual retirement plan at JPMorgan Chase Bank (petitioners' retirement plan). In January 2008, when each petitioner was under 59½ years old, they made a withdrawal of $69,644 from that plan (retirement distribution). That distribution was not made on account of a levy under

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] section 6331 that the Internal Revenue Service (IRS) had issued to JPMorgan Chase Bank with respect to petitioners' retirement plan.

In February 2008, petitioners deposited their retirement distribution into a bank account that they maintained at Washington Mutual.

On March 25, 2008, petitioners made a payment of $6,833.55 to the California Franchise Tax Board. That board credited that payment towards petitioners' outstanding California income tax liability for their taxable year 2004.

On March 27, 2008, petitioners made a payment of $9,795.98 to the IRS. The IRS credited that payment towards petitioners' outstanding Federal income tax liability for their taxable year 2004.

Petitioners jointly filed Form 1040, U.S. Individual Income Tax Return, for their taxable year 2008 (2008 return). In that return, petitioners included in gross income their retirement distribution of $69,644. Petitioners showed in the 2008 return the 10-percent additional tax of $6,964 imposed by section 72(t)(1) (10-percent additional tax) with respect to that distribution. However, petitioners did not remit that 10-percent additional tax with the 2008 return when or after they filed it.

The IRS issued to petitioners separate final notices of intent to levy and notices of your right to a hearing with respect to petitioners' taxable year 2008.

**[\*4]**  The IRS timely received Form 12153, Request for a Collection Due Process

or Equivalent Hearing (Form 12153), from petitioners.

Respondent's settlement officer with the IRS' Appeals Office (Appeals

Office) who was assigned to petitioners' Form 12153 held a telephone hearing

with their authorized representative.

On March 10, 2015, the Appeals Office issued to petitioners separate

notices of determination with respect to petitioners' taxable year 2008.  Each of

those notices stated in pertinent part:

Summary of Determination

We have determined that all appropriate requirements of law and administrative procedures for the collection action have been met. Levy action is not appropriate when a taxpayer has entered into an installment agreement.  As such, the levy is not appropriate and is not sustained.

Each of the notices of determination included an attachment that stated in perti-

nent part:

### SUMMARY AND RECOMMENDATION

You requested a Collection Due Process (CDP) hearing with Appeals under Internal Revenue Code (IRC) § 6330 following receipt of the Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing.

The levy enforcement action proposed is not the appropriate action in this case, for reasons stated below.

**[*5]**                              **BRIEF BACKGROUND**

You filed a request for a Collection Due Process (CDP) hearing under Internal Revenue Code (IRC) § 6330 following receipt of Letter 1058 (LT11), Final Notice of Intent to Levy and Notice of Your Right to a Hearing. The Automated Collection System (ACS) issued the notice on June 30, 2014 via Certified Mail, Return Receipt Requested. Form 12153 requesting a CDP hearing was received on September 7, 2014, which was within the 30-day period for a timely request for a CDP hearing. We verified that the proper codes to suspend the levy and the collection statute were input to the tax period at issue as of the date the Internal Revenue Service (IRS) received the request for the CDP hearing.

The CDP notice was for an unpaid income tax liability for tax period ending December 31, 2008. The liability was based on a self-assessed return due to insufficient federal tax withholding/payments.

On September 25, 2014, we sent you [a] contact letter scheduling your CDP telephone hearing/conference for October 24, 2014. In that letter, we also offered you a face-to-face hearing or written correspondence hearing as an alternative to the scheduled telephone hearing.

On October 6, 2014, we received correspondence from your Power Of Attorney (POA), Warren Nemiroff, confirming the telephone hearing for October 24, 2014.

On October 24, 2014, we made an outcall to your POA for the scheduled CDP conference; the conference was conducted with your POA and the appeals employee. During the conference your POA stated that an offer in compromise was submitted. We explained the process of filing an offer in compromise in appeals. Penalty abatement was also discussed with your POA. We discussed Letter 853 (Penalty Waiver or Abatement Disallowed/Appeals Procedure Explained) that was issued in August/September 2014. Your POA stated Letter 853

**[*6]** was appealed but without response. We informed your POA of an open control for the penalty appeal and we informed your POA Letter 2645 (Interim) was issued.

On October 28, 2014 we received a copy of the submitted Form 656-L.

On November 14, 2014, we received additional correspondence from your POA. Your POA stated the major penalties have not been resolved. Attached was Letter 3503C from IRS regarding penalty abatement of the failure to pay penalty based on good history.

On February 5, 2015, we made a follow-up call to your POA.

## LEGAL AND ADMINISTRATIVE REVIEW

I, Bessy Lopez, verified the requirements of any applicable law or administrative procedure were met. IRS records confirmed the proper issuance of the notice and demand, Notice of Intent to Levy and/or Notice of Federal Tax Lien (NFTL) filing, and notice of a right to a Collection Due Process (CDP) hearing.

An assessment was properly made for each tax and period listed on the CDP notice.

Notice and demand for payment was mailed to your last known address.

There was a balance due when the Notice of Intent to Levy was issued or when the NFTL filing was requested.

I had no prior involvement with respect to the specific tax period either in Appeals or Compliance.

I reviewed the Collection file, IRS records and information you provided. My review confirmed that the IRS followed all legal and

[*7] procedural requirements, and the actions taken or proposed were appropriate under the circumstances.

**Collection Alternatives Requested**

During the follow-up call to your POA on February 5, 2015, we explained that the offer in compromise filed under doubt as to liability was rejected under solely to delay collection. We explained that an offer in compromise would have to be re-filed under doubt as to collectibility. However, your POA did not pursue an offer under doubt as to collectibility.

During the follow-up call, an installment agreement was agreed upon for $320.00 a month due every 28th of the month; first payment due March 28, 2015.

You will be charged a one-time user fee for your new installment agreement. The one-time user fee will be for $120.00 or $43.00 if you are a low income taxpayer. You will soon receive payment vouchers from the IRS to include with your payments. However, until you receive the payment vouchers, write your social security number and the tax period on the face of the check. Send the payments to:

Internal Revenue Service
Fresno, CA 93888-0010

**Challenges to the Liability**
You disputed your liability.

During the follow-up call of February 5, 2015 we discussed penalty abatement. We informed your POA that the failure to pay penalties for $319.98 and $2,905.23 have been abated due to good history. However, your POA requested to have the penalty for early distribution withdrawal (Form 1099R) abated. We informed your POA that the account doesn't show any other penalties were assessed. It was

**[\*8]** then clarify that the IRS charges an additional 10% tax for an early distribution withdrawal. It was explained that 10% of $69,644.00, the early distribution (Form 1099R) is $6,964. Your POA requested to have the $6,964.00 removed based on reasonable cause. We informed your POA that we couldn't consider this abatement request under reasonable cause. We informed your POA that the additional 10% tax was listed on the return at the time of filing. Your POA stated that you were not aware about the additional 10% tax on early distributions. Unfortunately, not knowing the law is not reasonable cause for removal of a penalty. Your POA stated that reasonable cause is due to the early distribution withdrawn to pay back taxes that were owed due to [a] "unscrupulous" preparer. We informed your POA that this is also not reasonable cause and that we would not be abating the additional 10% tax of $6,964.00. We informed your POA that [the] tax court may be petitioned if he did not agree with the decision.

**You raised no other issues.**

OPINION

The parties agree that petitioners may dispute whether they are liable for their taxable year 2008 for the 10-percent additional tax under section 72(t)(1) with respect to their retirement distribution. Petitioners bear the burden of establishing that they are not so liable. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). That the parties submitted these cases under Rule 122 does not affect who has the burden of proof or the effect of a failure of proof. See Rule 122(b); Borchers v. Commissioner, 95 T.C. 82, 91 (1990), aff'd, 943 F.2d 22 (8th Cir. 1991).

**[*9]** Section 72(t)(1) provides:

> SEC. 72.  ANNUITIES; CERTAIN PROCEEDS OF ENDOWMENT
> AND LIFE INSURANCE CONTRACTS.
>
> (t) 10-Percent Additional Tax on Early Distributions from
> Qualified Retirement Plans.--
>
> (1) Imposition of additional tax.--If any taxpayer re-
> ceives any amount from a qualified retirement plan (as defined
> in section 4974(c)), the taxpayer's tax under this chapter for the
> taxable year in which such amount is received shall be in-
> creased by an amount equal to 10 percent of the portion of such
> amount which is includible in gross income.

A "qualified retirement plan" includes an individual retirement plan.  See sec.

4974(c)(4).

Section 72(t)(2) provides certain exceptions to the 10-percent additional tax

imposed by section 72(t)(1).  Petitioners concede that none of the exceptions in

section 72(t)(2) applies with respect to all or any portion of their retirement

distribution.[2]  It is nonetheless petitioners' position that they should not be liable

for the 10-percent additional tax imposed by section 72(t)(1) on that distribution.

As we understand their position, petitioners believe that the Court should

add the following two exceptions to the exceptions that Congress enumerated in

---

[2]In fact, petitioners stipulated facts in the first stipulation of facts that 10 of
the exceptions enumerated in sec. 72(t)(2) are not applicable with respect to all or
a portion of their retirement distribution.

**[*10]** section 72(t)(2): an exception where there is reasonable cause for a taxpayer to make a withdrawal from an individual retirement plan and an exception where the taxpayer uses the retirement distribution to pay outstanding Federal and/or State income tax liabilities. According to petitioners:

> Within the confines of [section] 72(t) these Petitioners are markedly close to the statute exceptions. Even the Government construes that if the pension account had been levied, the 10% penalty would not apply. * * * These taxpayers * * * used a 2008 pension distribution to pay earlier taxes because of continuous IRS collection pressure. This may not be the classic case where the levy is involved at that instant, but certainly the spirit of what the statute wants to cover. The statute does not want a penalty if aggressive IRS activity is causing the distribution. * * *

> Now look generally at reasonable cause. The undersigned [petitioners] spent 20 years fighting section 6621 penalties and valuation penalties associated with the infamous FoodSource cases. * * * All those taxpayers wanted to pay the taxes and the interest; it was the penalties that made the bills onerous. * * * These are little people who pay their taxes.

> There is no fault here. There is no failure to report income. There is no late return * * * The 10% penalty should not apply here to the extent the distribution pays taxes.

> *          *          *          *          *          *          *

> In summary, there is [a] good equitable argument here to "expand" the exceptions for [section] 72(t) [set forth in section 72(t)(2)].

[*11] We note initially that in advancing their position under section 72(t)(2) petitioners rely on various factual contentions regarding, inter alia, why and how they used their retirement distribution, most of which are not supported by the fully stipulated record in these cases. To the extent that in advancing their position petitioners rely on any factual contentions that are not supported by the record, we have disregarded those contentions.

The short and long answer to petitioners' position that they should not be liable for the 10-percent additional tax imposed by section 72(t)(1) with respect to their retirement distribution is that we are bound by the exceptions enumerated in section 72(t)(2). See, e.g., Benz v. Commissioner, 132 T.C. 330, 332 (2009). Petitioners concede that none of the exceptions in section 72(t)(2) applies with respect to all or any portion of their retirement distribution.[3]

On the record before us, we find that petitioners are liable for their taxable year 2008 for the 10-percent additional tax imposed by section 72(t)(1) with respect to their retirement distribution.

We have considered all of the contentions and arguments of petitioners that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

---

[3]See supra note 2.

**[\*12]** To reflect the foregoing,

<u>Decisions will be entered for</u>

<u>respondent</u>.